■ BURROUGHS CORPORATION, Appellant, v DATACAP, INC., Respondent

The plaintiff brought this action to recover payments due under an agreement with the defendant for the lease of computer equipment. The defendant interposed counterclaims for damages due to the plaintiff's alleged breach of the lease and a prior maintenance agreement and for damages based on fraud and negligent misrepresentation in the inducement of the contract. Special Term denied the plaintiff's motion and determined that there were issues of fact as to whether representations were made to the defendant's president and as to whether these statements created a relationship of confidence between the parties.

The counterclaims to recover damages for fraud and negligent misrepresentation should be dismissed. The lease expressly disclaims any warranty as to merchantability or fitness for a particular purpose and any representation as to capacity, suitability for use or performance. Since the disclaimer specifically covers the subject of the alleged representations, the defendant's claim of reliance is negated, and it is precluded from presenting evidence to show fraud in the inducement of the contract *(see, Danann Realty Corp. v Harris,* 5 NY2d 317; *see also, Citibank v Plapinger,* 66 NY2d 90, *rearg denied* 67 NY2d 647). Similarly, the disclaimer would defeat the defendant's claim to recover damages for negligent representation, even if the defendant had met its burden of presenting sufficient facts to show that a special relationship existed between the parties *(see, Dorsey Prods. Corp. v United*

*States Rubber Co.,* 21 AD2d 866, *affd* 16 NY2d 925, *rearg denied* 16 NY2d 1082). In any case, the defendant failed to allege facts sufficient to raise a triable issue of fact on its claims to recover damages for fraud and negligent misrepresentation but instead offered only the vague allegations that the plaintiff's marketing representatives had made false statements as to the quality of its product *(see, Zuckerman v City of New York,* 49 NY2d 557).

The denial of partial summary judgment dismissing that portion of the defendant's first counterclaim involving an alleged breach of the maintenance agreement was proper as triable issues of fact exist with respect to it. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.