■ RAYMOND JORBEL et al., Appellants-Respondents, v EDWARD KOPKO, Respondent-Appellant, et al., Defendants. [819 NYS2d 96]—

In an action, inter alia, to recover damages for breach of contract and unlawful autopsy, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated February 4, 2005, as granted those branches of the defendant Edward Kopko's cross motion which were for summary judgment dismissing the plaintiffs' third, fourth, and fifth causes of action insofar as asserted against him, and Edward Kopko cross-appeals from so much of the same order as denied that branch of his cross motion which was for summary judgment dismissing the plaintiffs' first cause of action insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the defendant Edward Kopko's cross motion which was for summary judgment dismissing the cause of action alleging breach of

contract insofar as asserted against him. In response to Kopko's sworn denial of the existence of an agreement, the plaintiffs raised a triable issue of fact as to whether their payment of a portion of the funeral expenses was in consideration for Kopko's promise to have the decedent's body returned to the Medical Examiner's office for further testing (see *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 464 [1982]; *Neos v Neos,* 212 AD2d 678 [1995]).

However, the Supreme Court properly granted those branches of Kopko's cross motion which were for summary judgment dismissing the third, fourth, and fifth causes of action insofar as asserted against him. A cause of action to recover damages for negligent infliction of emotional distress due to an unlawful autopsy accrues to the decedent's next-of-kin (see *Gostkowski v Roman Catholic Church,* 262 NY 320, 325 [1933]; *Nesbit v Turner,* 15 AD3d 552 [2005]; *Massaro v O'Shea Funeral Home,* 292 AD2d 349 [2002]). Kopko demonstrated that he was the lawful husband of the decedent, entitled to direct the disposition of her remains and, therefore, that the plaintiffs lacked standing to maintain those causes of action against him. Further, Kopko demonstrated his entitlement to judgment as a matter of law on the plaintiffs' cause of action alleging intentional infliction of emotional distress by demonstrating that his conduct was not " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46 [1], Comment *d; see Scarfone v Village of Ossining,* 23 AD3d 540, 542 [2005]). In opposition, the plaintiffs failed to submit evidence in admissible form sufficient to raise a triable issue of fact (see *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

As the plaintiffs failed to allege any misrepresentation by Kopko which was collateral or extraneous to the alleged contract between the parties, summary judgment dismissing the fifth cause of action alleging intentional and/or negligent misrepresentation was also properly granted (see *Alamo Contr. Bldrs. v CTF Hotel Co.,* 242 AD2d 643 [1997]; *Sforza v Health Ins. Plan of Greater N.Y.,* 210 AD2d 214 [1994]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.