■ MARKO BERISIC, Appellant, v ROBERT A. WINCKELMAN et al., Respondents. [835 NYS2d 390]—

In an action to recover damages for abuse of process, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated January 13, 2006, which, upon an order of the same court (Donovan, J.), entered March 21, 2005, granting the defendants' motion for summary judgment dismissing the complaint and for summary judgment on the issue of liability on their counterclaim to recover damages for abuse of process and, after a nonjury trial on the issue of damages, in effect, dismissed the complaint and is in favor of the defendants and against him in the principal sum of $15,000 on the counterclaim.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the defendants and against the plaintiff in the principal sum of $15,000 on the counterclaim and substituting therefor a provision dismissing the counterclaim; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendants' motion which was for summary judgment on the issue of liability on the counterclaim is denied, upon searching the record, the plaintiff is awarded summary judgment dismissing the counterclaim, and the order entered March 21, 2005 is modified accordingly.

The defendant Robert A. Winckelman was a process server for the defendant Supreme Judicial Services (hereinafter SJS). SJS was hired to serve process on the plaintiff Marko Berisic in a previous federal lawsuit in which the plaintiff was named a defendant. In his affidavit of service, Winckelman averred that he went to the plaintiff's home on July 9, 2001 but did not find him there. According to Winckelman, a man named Rudy Berisic was there, and Winckelman spoke with Rudy and left the sum-

mons and complaint with him. Winckelman then mailed a copy of the summons and complaint to the plaintiff's home.

Although the plaintiff claimed that his brother Rudy had not been at his house on July 9, 2001, he admitted that he found the summons and complaint in his door several days later, that he recognized that he was being sued, and that he mailed the papers to his attorney. Nevertheless, the plaintiff failed to appear in that action, and a default judgment was entered against him.

The plaintiff satisfied that judgment and thereafter commenced the instant action, claiming that Winckelman had not served him personally, but instead had lied in his affidavit of service, and that his failure to serve the plaintiff, combined with his alleged deceit, amounted to an abuse of process. The defendants counterclaimed alleging abuse of process, claiming that the plaintiff knowingly commenced a meritless lawsuit against them to unjustly enrich himself.

"There are three essential elements of the tort of abuse of process: first, there must be regularly issued process, civil or criminal, compelling the performance or forbearance of some prescribed act; second, the person activating the process must be moved by a purpose to harm without that which has been traditionally described as economic or social excuse or justification; and third, the defendant must be seeking some collateral advantage or corresponding detriment to [the] plaintiff which is outside the legitimate ends of the process" (*James v Saltsman,* 99 AD2d 797, 797-798 [1984]).

As the Supreme Court correctly determined, the defendants established their prima facie entitlement to summary judgment dismissing the plaintiff's cause of action to recover damages for abuse of process because the plaintiff failed to establish that Winckelman's alleged failure of service compelled the performance or forbearance of a prescribed act, was intended to harm the plaintiff, or sought a collateral advantage outside the legitimate ends of the process (*see Panish v Steinberg,* 32 AD3d 383 [2006]; *Ronaldson v Countryside Manor Condominium Bd. of Mgrs.,* 189 AD2d 808, 809 [1993]; *James v Saltsman, supra*). In response, the plaintiff failed to raise a triable issue of fact.

However, the Supreme Court erred in determining that the defendants established their prima facie entitlement to summary judgment on their counterclaim to recover damages for abuse of process (*see Ronaldson v Countryside Manor Condominium Bd. of Mgrs., supra*). The defendants failed to establish that the filing of the lawsuit compelled the performance or forbearance of a prescribed act, was intended to harm them, or

sought a collateral advantage outside the legitimate ends of the litigation (i.e. damages). Failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Furthermore, we search the record and, for the reasons stated, award the plaintiff summary judgment dismissing the counterclaim (*see Ronaldson v Countryside Manor Condominium Bd. of Mgrs., supra*).

In light of our determination, we need not address the plaintiff's remaining contention. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur. [As amended by unpublished order, entered July 11, 2007.]