STS MANAGEMENT DEVELOPMENT, INC., et al., Appellants, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Defendants, and ROBERT SANTORO et al., Respondents. [835 NYS2d 648]—

In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC §§ 1983 and 1985, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered March 1, 2006, which, upon an order of the

same court dated January 5, 2006, granting the motion of the defendants Robert Santoro, Michael B. Infantino, Patricia Brumbaugh, Michael Alexander, Gary Glubiak, Albert Coringrato, and Robert DeFilippis for summary judgment dismissing the amended complaint insofar as asserted against them and denying the plaintiffs' cross motion for summary judgment on the amended complaint, is in favor of those defendants and against them dismissing the amended complaint insofar as asserted against them.

Ordered that the judgment is affirmed, with costs.

The plaintiffs, two limousine companies and their owner, commenced this civil rights action against, among others, several employees of the New York State Department of Taxation and Finance (hereinafter the Department of Taxation) claiming that they caused certain sales tax assessments to be imposed against the plaintiffs STS Management Development, Inc. (hereinafter STS) and William E. Schoolman in retaliation for the successful administrative challenge to a prior tax assessment (hereinafter the Classic determination) by the plaintiffs Classic Limousine, Inc. (hereinafter Classic), and Schoolman. After several of the defendants were dismissed from the action, the remaining defendants Robert Santoro, Michael B. Infantino, Patricia Brumbaugh, Michael Alexander, Gary Glubiak, Albert Coringrato, and Robert DeFilippis (hereinafter the defendants) together moved for summary judgment dismissing the amended complaint insofar as asserted against them, and the plaintiffs cross-moved for summary judgment on the complaint. The Supreme Court granted the defendants' motion, and denied the plaintiffs' cross motion. We affirm.

At the outset, we note that the Supreme Court, in the order dated January 5, 2006, erroneously characterized the plaintiffs' allegations. The Supreme Court thus incorrectly wrote that the gravamen of the plaintiffs' action was that, "in retaliation for Classic obtaining a favorable decision in an administrative proceeding challenging tax assessments issued by the New York State Department of Taxation and Finance . . . the individual defendants commenced an audit" of STS "and issued assessments against it." In fact, the plaintiffs asserted that the audit of STS commenced before the Classic determination, but that upon learning of it, the defendants consequently assessed a substantial amount of sales tax against STS and Schoolman upon completion of the audit, while they had initially intended not to assess any sales tax. The Supreme Court also erroneously stated that STS and Schoolman never challenged the December 2, 1994 and December 12, 1994 sales tax assessments against

them before the Division of Tax Appeals. On the contrary, it is undisputed that STS and Schoolman did in fact challenge those assessments before the Division of Tax Appeals, but that no determination with respect thereto has been rendered. Finally, the Supreme Court erroneously found that the audit of STS commenced nearly five months before the hearing on Classic's challenge of its sales tax assessment commenced (hereinafter the Classic hearing). In fact, the audit of STS began four months after the Classic hearing concluded and nearly 11 months before the Classic determination was issued.

Notwithstanding these factual errors, we affirm the judgment appealed from. With respect to Classic, once it received a favorable determination on its administrative challenge to the tax assessment imposed against it, the defendants took no further action against it, and the Department of Taxation chose not to appeal the Classic determination to the Tax Appeals Tribunal pursuant to Tax Law § 2006 (7). In any event, although STS is a corporation related to Classic, their businesses are intertwined, and Schoolman is the president of both Classic and STS, STS, as a separate corporate entity, cannot assert a claim that Classic's constitutional rights were violated as a result of the defendants' actions (*see Diesel Sys., Ltd. v Yip Shing Diesel Eng'g Co., Ltd.*, 861 F Supp 179, 181 [1994]; *Alexander & Alexander of N.Y. v Fritzen*, 114 AD2d 814, 815 [1985], *affd* 68 NY2d 968 [1986]; *see also Warth v Seldin*, 422 US 490 [1975]).

In addition, the defendants presented evidence which met their burden of establishing their entitlement to judgment as a matter of law with respect to claims by Schoolman asserting unlawful retaliation and violation of constitutional rights pursuant to 42 USC § 1983 (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In opposition, Schoolman failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In this case, the Classic hearing, conducted by an Administrative Law Judge of the Division of Tax Appeals (hereinafter the ALJ) was contentious, resulting in a motion by the Department of Taxation for a new hearing and recusal of the ALJ, which was denied. The ALJ in the Classic case determined that neither Classic nor Schoolman was subject to tax on the theories asserted by the Department of Taxation, including the taxation of dispatch or referral fees as "telephony" pursuant to Tax Law § 1105 (b) and 20 NYCRR 527.2 (d).

When the auditor assigned to the STS case was informed by the defendant Michael B. Infantino, the staff attorney who

represented the Department of Taxation at the Classic hearing, of the possibility that STS's revenue from referral or dispatch fees could be taxable on the telephony theory raised and later rejected in the Classic determination, the auditor refused to consider that theory. That auditor determined that STS and Schoolman owed no additional tax, and communicated that information to the plaintiffs' attorney; the auditor's determination was not final unless it was approved by senior auditors and communicated to the taxpayer in writing. The initial auditor was, however, subsequently replaced, and senior auditors in the Department of Taxation, including the defendants Robert Santoro, Gary Glubiak, and Albert Coringrato, became personally involved in the audit of STS. The Department of Taxation subsequently assessed a large amount of sales tax against STS and Schoolman.

While the conduct of those defendants with respect to the STS audit may have been unusual and even extraordinary, it was not unlawful, and did not implicate any constitutional rights. Although there is some evidence in the record that the defendant Patricia Brumbaugh expressed negative feelings regarding Schoolman's demeanor and the veracity of his testimony at the Classic hearing, Brumbaugh was not involved in the decision to remove the auditor from the STS audit. Thus, Schoolman's conduct and success in challenging the Classic sales tax assessment does not appear to be "a substantial or motivating factor in the defendants' actions" (*Matter of Buric v Safir*, 285 AD2d 255, 264 [2002]). Accordingly, the Supreme Court correctly granted summary judgment dismissing Schoolman's cause of action alleging a deprivation of property without due process and an unlawful seizure of property under 42 USC § 1983. Moreover, the defendants' actions are entitled to qualified immunity because it was objectively reasonable for them to believe that their acts did not violate clearly established constitutional or statutory rights (*see Anderson v Creighton*, 483 US 635, 638 [1987]; *Harlow v Fitzgerald*, 457 US 800, 818 [1982]; *Kaluczky v City of White Plains*, 57 F3d 202, 207 [1995]).

The Supreme Court correctly granted summary judgment dismissing the plaintiffs' claims alleging a deprivation of substantive due process and equal protection pursuant to 42 USC § 1985 (*see Albright v Oliver*, 510 US 266 [1994]; *Kaluczky v City of White Plains, supra*).

In light of the foregoing, the Supreme Court thus also properly denied the plaintiffs' cross motion for summary judgment on the amended complaint.

In light of our determination, we need not decide whether the

Tax Injunction Act (28 USC § 1341), as interpreted by the United States Supreme Court in *National Private Truck Council, Inc. v Oklahoma Tax Comm'n* (515 US 582 [1995]), is applicable to this case.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.