■ In the Matter of the Estate of EDWIN VALENTIN, Deceased. LAURA ACEVEDO et al., Appellants; SHAWN HEATH BOYLE et al., Respondents-Respondents, et al., Respondent. [841 NYS2d 781]—

In a probate proceeding, inter alia, in which Laura Acevedo and Steven Acevedo petitioned pursuant to SCPA 2103 to discover property withheld from the estate of Edwin Valentin, Laura Acevedo and Steven Acevedo appeal, as limited by their notice of appeal and brief, from so much of an order of the Surrogate's Court, Suffolk County (Czygier, S.), dated May 16, 2006, as granted those branches of the motion of Shawn Heath Boyle and Prime Capital Services, Inc., and the separate motions of Presidential Life Insurance Company, and Companion Life Insurance Company and Canada Life Insurance Company of New

York, which were for summary judgment dismissing the petition insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents-respondents appearing separately and filing separate briefs.

The decedent Edwin Valentin purchased three fixed annuities in the year and a half prior to his death at the age of 68. The annuities paid the decedent income for life only, but no death benefit. The petitioners commenced this proceeding alleging, inter alia, that the decedent's insurance broker Shawn Heath Boyle, who was also his financial advisor, made fraudulent or negligent misrepresentations which induced the decedent to purchase the annuities (*see Brannigan v Board of Educ. of Levittown Union Free School Dist.*, 18 AD3d 787, 788-789 [2005]; *Giurdanella v Giurdanella*, 226 AD2d 342, 343 [1996]; *Pappas v Harrow Stores*, 140 AD2d 501, 504 [1988]). Boyle, his employer Prime Capital Services, Inc., and several insurance companies that issued the annuities (hereinafter collectively the respondents), moved, inter alia, for summary judgment dismissing the petition insofar as asserted against them.

In response to the respondents' prima facie showing of entitlement to judgment as a matter of law that no misrepresentations were made to the decedent, and that he purchased the annuities and liquidated other investments as part of his overall financial plan, the petitioners offered only surmise and speculation, having admitted at their examinations before trial that they had no factual basis for claiming that any misrepresentations were made to the decedent (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). Therefore the Surrogate's Court properly granted summary judgment dismissing the petition insofar as asserted against the respondents.

The petitioners' remaining contentions are without merit. Crane, J.P., Ritter, Dillon and Carni, JJ., concur.