■ FRANK CASTRO et al., Respondents, v EAST END PLASTIC, RECONSTRUCTIVE AND HAND SURGERY, P.C., et al., Appellants, et al., Defendant. [850 NYS2d 483]—

In an action, inter alia, to recover damages for malicious prosecution, the defendants East End Plastic, Reconstructive and Hand Surgery, P.C., and Judy Ann Emanuele appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated August 16, 2006, as denied those branches of their cross motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to recover the principal sum of $1,631.45 for medical services rendered.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In October 2002 the appellants performed emergency medical services for the plaintiff Christopher Castro, then a minor. His father, the plaintiff Frank Castro, agreed to assign the health insurance benefits relating to those medical services directly to the appellant East End Plastic, Reconstructive and Hand Surgery, P.C. (hereinafter East End) and further agreed "that I am financially responsible for any balance not covered by my insurance carrier." There is no evidence that the plaintiffs agreed on a specific fee for services rendered.

East End billed the plaintiffs' insurance carrier in the total sum of $3,133.45. However, the insurance carrier only paid the sum of $1,502, on the ground that the billed amounts "exceed reasonable & customary charge[s]."

On or about February 10, 2005, East End commenced an action against Christopher Castro's parents, Frank Castro and Narda Castro, in the District Court, Suffolk County, First District, to recover the additional amounts allegedly owed. After a default judgment was entered in that action, East End attempted to enforce the judgment by garnishing Narda Castro's salary and restraining Frank Castro's accounts. Upon the motion of Frank Castro and Narda Castro, the default judgment was vacated on the ground that "the summons and complaint were not properly served" and the action was dismissed for lack of personal jurisdiction.

In December 2005 the plaintiffs commenced the instant action to recover damages, inter alia, for malicious prosecution. The appellants counterclaimed, inter alia, to recover the principal sum of $1,631.45 allegedly owed for the medical services rendered. In response to the plaintiffs' motion to dismiss their affirmative defenses and counterclaims, the appellants cross-moved for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaims. East End and the defendant Judy Ann Emanuele appeal from so much of the order as denied those branches of their cross motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to recover the principal sum of $1,631.45.

The elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury (see *Molinoff v Sassower*, 99 AD2d 528, 529 [1984]). The favorable termination element must be established by evidence that "the court passed on the merits of the charge or claim . . . under such circumstances as to show . . . nonliability," or evidence that the action was abandoned under circumstances "which fairly imply the plaintiff's innocence" (*Pagliarulo v Pagliarulo*, 30 AD2d 840, 840 [1968]). In the instant case, the District Court never passed on the merits of the appellants' claim, and that claim has not been abandoned.

With respect to the malicious prosecution cause of action as well as the remaining causes of action against them, the appellants established their entitlement to judgment as a matter of law, and the plaintiffs failed to raise a triable issue of fact (see *Freeman v Johnston*, 84 NY2d 52, 58 [1994], *cert denied* 513 US 1016; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]; *Jorbel v Kopko*, 31 AD3d 611, 612 [2006]; *Gaylord v*

*Fiorilla,* 28 AD3d 713, 713-714 [2006]; *Commodari v Long Is. Univ.,* 295 AD2d 302, 303 [2002]; *cf., Park Knoll Assoc. v Schmidt,* 59 NY2d 205, 211 [1983]; *Nigro v Pickett,* 39 AD3d 720, 721 [2007]).

However, the Supreme Court properly concluded that the appellants failed to establish their entitlement to judgment as a matter of law with respect to the counterclaim for the principal sum of $1,631.45. The appellants failed to submit any evidence that the total amount charged—$3,133.45—constituted the reasonable value of their services (*see McGuire v Hughes,* 207 NY 516, 520-521 [1913]; *Brottman v Crane,* 11 Misc 3d 129[A], 2006 NY Slip Op 50299[U] [2006]; *cf. Huntington Hosp. v Abrandt,* 4 Misc 3d 1 [2004]). Crane, J.P., Rivera, Florio and Balkin, JJ., concur. [*See* 13 Misc 3d 1233(A), 2006 NY Slip Op 52107(U) (2006).]