■ FURGANG & ADWAR, LLP, Appellant, v FIBER-SHIELD INDUSTRIES, INC., et al., Respondents. [866 NYS2d 250]—

In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated March 5, 2007, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action to recover damages for malicious prosecution.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that the defendants maliciously commenced a prior action alleging, inter alia, professional negligence and breach of contract in connection with its legal representation of the defendants on various legal matters. The record shows that the action of which the plaintiff complains was terminated upon an agreement discontinuing the case with prejudice and the defendants' agreement to release and discharge the plaintiff from, inter alia, any and all of the claims alleged in the action or which could have been alleged in the action. The settlement agreement also provided that neither party admitted fault or liability and that the settlement agreement was entered into to avoid the time and expense of litigation.

In order for a plaintiff to maintain a civil action to recover damages for malicious prosecution, it must show: "(1) the commencement of a judicial proceeding against the plaintiff, (2) at the insistence of the defendant, (3) without probable cause, (4) with malice, (5) which action was terminated in favor of the plaintiff, and (6) to the plaintiff's injury" (*Felske v Bernstein*,

173 AD2d 677, 678 [1991] [internal quotation marks omitted]; *Berman v Silver, Forrester & Schisano,* 156 AD2d 624 [1989]). "To show a termination in [its] favor, the plaintiff must prove that the court passed on the merits of the charge or claim against [it] under such circumstances as to show [its] innocence or nonliability, or show that the proceedings were terminated or abandoned at the instance of the defendant under circumstances which fairly imply the plaintiff's innocence" (*Pagliarulo v Pagliarulo,* 30 AD2d 840 [1968]).

The action of which the plaintiff complains was discontinued by agreement entered into by the parties to this action. Under the circumstances, there was no termination of the action favorable to the plaintiff which would give rise to a cause of action to recover damages for malicious prosecution (*see Pagliarulo v Pagliarulo,* 30 AD2d 840 [1968]). Therefore, there being no issues of fact, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the plaintiff's cause of action alleging malicious prosecution. Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.