■ REILLY GREEN MOUNTAIN PLATFORM TENNIS et al., Appellants, v SANDY CORTESE et al., Respondents, et al., Defendant. [874 NYS2d 524]—

In an action, inter alia, to recover damages for negligent misrepresentation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered November 14, 2007, as granted that branch of the motion of the defendants Sandy Cortese, Gary G. Jodzis, PPG Industries, Inc., and PPG Architectual Finishes, Inc., which was for summary judgment dismissing the negligent misrepresentation cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information" (*J.A.O. Acquisition Corp. v Stavitsky,* 8 NY3d 144, 148 [2007]).

Here, although there was a special relationship between the

plaintiffs and Sandy Cortese, Gary G. Jodzis, PPG Industries, Inc., and PPG Architectual Finishes, sued herein as PPG Architectual Finishes, Inc. (hereinafter the defendants), the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the plaintiffs' negligent misrepresentation cause of action insofar as asserted against them by demonstrating that they did not impart any incorrect information to the plaintiffs (*see Matter of Valentin,* 43 AD3d 942 [2007]; *Jorbel v Kopko,* 31 AD3d 611, 612 [2006]). Further, the defendants submitted evidence which negated any claim of reasonable reliance on the part of the plaintiffs (*see Pappas v Harrow Stores,* 140 AD2d 501, 504-505 [1988]; *Burroughs Corp. v Datacap, Inc.,* 124 AD2d 622 [1986]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants imparted incorrect information to them or whether they reasonably relied on such information (*see Burroughs Corp. v Datacap, Inc.,* 124 AD2d 622 [1986]; *cf. Grammer v Turits,* 271 AD2d 644 [2000]). Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the negligent misrepresentation cause of action insofar as asserted against them was properly granted. Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.