■ HUDSON VALLEY MARINE, INC., Appellant, v TOWN OF CORTLANDT et al., Respondents. [912 NYS2d 623]—

In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered September 22, 2009, which, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for malicious prosecution, abuse of process, negligent training and supervision, and violations of 42 USC §§ 1983 and 1985 (3).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is a corporation that owns a parcel of land on the Hudson River on which it operates a marina. The defendant Barbara Miller was employed by the defendant Town of Cortlandt as the Deputy Director of the Division of Code Enforcement. The defendant Robert Conlon was employed by the Town as a fire inspector. On April 19, 2000, a stop work order written by Miller was issued to the plaintiff for placing fill in the Hudson River without obtaining a permit. A few days later, the Town issued three appearance tickets written by Miller citing the plaintiff for violating the Town Code by illegally depositing fill into the Hudson River without a permit and by failing to obtain a special permit to engage in certain uses of the subject land as required under the Town Code (*see* Town of Cortlandt Code §§ 307-14, 307-67). A fourth appearance ticket written by Conlon dated June 16, 2000, was issued by the Town citing the plaintiff for violating the stop work order. The Town subsequently commenced an action against the plaintiff seeking a permanent injunction barring the plaintiff from, inter alia,

continuing to engage in construction work on or near the marina until the plaintiff obtained the requisite approvals and permits from the Town. The Town also moved for a preliminary injunction to prevent the plaintiff from conducting any further activity on its property pending the final outcome of the action, which was denied by the Supreme Court upon a finding that the Town failed to demonstrate a likelihood of success on the merits. Thereafter, the Town voluntarily discontinued the action for a permanent injunction without prejudice. The Town subsequently dropped the criminal charges against the plaintiff without prejudice.

Thereafter, the plaintiff commenced this action, alleging, inter alia, that the Town's issuance of the stop work order, the commencement of the civil action seeking a permanent injunction, and the prosecution of criminal charges caused the plaintiff, among other things, a loss of income. The plaintiff alleged various causes of action to recover damages for, inter alia, malicious prosecution of a civil action, abuse of process, negligent training and supervision, and violations of 42 USC §§ 1983 and 1985 (3). The Supreme Court, among other things, granted the defendants' motion for summary judgment dismissing the complaint. We affirm the order insofar as appealed from.

"In order to prevail on [an abuse of process] claim, the plaintiff must establish that the defendants (1) used regularly-issued process, either civil or criminal, (2) intended to do harm without excuse or justification, and (3) used the process in a perverted manner to obtain a collateral objective" (*Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 288-289 [2003]).

As the Supreme Court correctly determined, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for abuse of process by demonstrating that they issued the stop work order and the appearance tickets, as well as commencing the civil action, to accomplish the lawful purpose of requiring the plaintiff to comply with the Town Code and not to obtain a collateral objective (*see Berisic v Winckelman*, 40 AD3d 561, 562 [2007]; *Pomeranz v Bourla*, 257 AD2d 516 [1999]; *see generally Sipsas v Vaz*, 50 AD3d 878, 879 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Furthermore, the plaintiff's causes of action relying on the defendants' alleged negligent conduct cannot support a claim for abuse of process since it is an intentional tort (*see Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d at 289).

"The elements of the tort of malicious prosecution of a civil

action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (*Castro v East End Plastic, Reconstructive & Hand Surgery, P.C.*, 47 AD3d 608, 609 [2008]; *see Furgang & Adwar, LLP v Fiber-Shield Indus., Inc.*, 55 AD3d 665, 666 [2008])."The favorable termination element must be established by evidence that 'the court passed on the merits of the charge or claim . . . under such circumstances as to show . . . nonliability,' or evidence that the action was abandoned under circumstances 'which fairly imply the plaintiff's innocence' " (*Castro v East End Plastic, Reconstructive & Hand Surgery, P.C.*, 47 AD3d at 609, quoting *Pagliarulo v Pagliarulo*, 30 AD2d 840, 840 [1968]).

Contrary to the plaintiff's contention, the denial of the Town's motion for a preliminary injunction in the civil action does not demonstrate that the civil action was terminated in its favor, since that denial was not an adjudication on the merits (*see Castro v East End Plastic, Reconstructive & Hand Surgery, P.C.*, 47 AD3d at 609; *Icy Splash Food & Beverage, Inc. v Henckel*, 14 AD3d 595, 596 [2005]; *Peterson v Corbin*, 275 AD2d 35, 40 [2000]). Additionally, that action was discontinued without prejudice by agreement entered into by the parties to this action. Under the circumstances, there was no termination of the action favorable to the plaintiff which would give rise to a cause of action to recover damages for malicious prosecution (*see Furgang & Adwar, LLP v Fiber-Shield Indus., Inc.*, 55 AD3d at 666; *Pagliarulo v Pagliarulo*, 30 AD2d 840 [1968]).

42 USC § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." A municipality is not liable under 42 USC § 1983 for an injury inflicted solely by its employees or agents (*see Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d at 293). However, "[a] 42 USC § 1983 action may lie against a municipality if the plaintiff shows that the action that is alleged to be unconstitutional either implement[s] or execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or has occurred pursuant to a practice so permanent and well settled as to constitute a custom or usage with the force of law" (*Maio v Kralik*, 70 AD3d 1, 10-11 [2009] [internal citations and quota-

tion marks omitted]; *see Bassett v City of Rye*, 69 AD3d 667, 668 [2010]; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d at 293).

Here, the Town presented evidence sufficient to establish its prima facie burden of entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of 42 USC § 1983 insofar as asserted against it, by demonstrating that the criminal charges brought against the plaintiff, which the plaintiff alleged violated its rights under 42 USC § 1983, did not result from a policy, regulation, or custom of the Town (*see Ellison v City of New Rochelle*, 62 AD3d 830 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of any such relevant policy, regulation, or custom (*see Ellison v City of New Rochelle*, 62 AD3d at 833; *Serpa v County of Nassau*, 280 AD2d 596 [2001]).

As for the plaintiff's 42 USC § 1983 claims asserted against Miller and Conlon, they established, prima facie, their entitlement to qualified immunity by demonstrating that it was objectively reasonable for them to believe that their acts did not violate clearly established constitutional or statutory rights regardless of whether they made a mistake of law or fact in applying the Town Code (*see Pearson v Callahan*, 555 US 223, —, 129 S Ct 808, 815 [2009]; *Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 206 [2009]; *STS Mgt. Dev., Inc. v New York State Dept. of Taxation & Fin.*, 40 AD3d 620, 623 [2007], *cert denied* 552 US 1143 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff's cause of action alleging a violation of 42 USC § 1985 (3) was also properly dismissed because the defendants established, prima facie, that the plaintiff failed to allege that they harbored a " ' "class-based invidious discriminatory animus" ' against any particular group of individuals and 'that this prejudice motivated the alleged wrongful conduct against the plaintiff[ ]" (*Suffolk County Democratic Comm. v Gaffney*, 196 AD2d 799, 801 [1993], quoting *Nicoleau v Brookhaven Mem. Hosp. Ctr.*, 181 AD2d 815, 817 [1992]; *see Griffin v Breckenridge*, 403 US 88, 101 [1971]; *Carpenters v Scott*, 463 US 825, 829 [1983]; *Gleason v McBride*, 869 F2d 688, 695 [1989]). In opposition, the plaintiff failed to raise a triable issue of fact.

Furthermore, the Town established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent training and supervision against it by submitting proof that the notice of claim filed by the plaintiff did not mention this claim (*see* General Municipal Law § 50-e;

*Finke v City of Glen Cove*, 55 AD3d 785, 786 [2008]; *Urena v City of New York*, 221 AD2d 429 [1995]; *Bryant v City of New York*, 188 AD2d 445, 446 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d at 562).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.