■ ROSELENE ETTIENNE et al., Respondents, v JOYCE MOLACH HOCHMAN et al., Appellants. [920 NYS2d 717]—

In a consolidated action, inter alia, to recover damages for abuse of process, Joyce Molach Hochman and Saul Hochman appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated April 27, 2010, as denied that branch of their cross motion which was, in effect, for summary judgment on the issue of liability on their cause of action alleging abuse of process.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]; *see Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 702 [2010]; *Berisic v Winckelman*, 40 AD3d 561, 562 [2007]).

Here, the Supreme Court properly denied that branch of the cross motion of Joyce Molach Hochman and Saul Hochman (hereinafter together the Hochmans) which was, in effect, for summary judgment on the issue of liability on their abuse of process cause of action, as they did not establish as a matter of law that the notice of pendency was filed with an intent to do harm, without excuse or justification, or was being used in a perverted manner to obtain a collateral objective even though the Supreme Court had, in an earlier order, vacated the notice of pendency filed against the Hochmans' property (*see Curiano v Suozzi*, 63 NY2d 113 [1984]; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700 [2010]; *Berisic v Winckelman*, 40 AD3d

561 [2007]; *see also Ward v Melis*, 28 AD3d 970 [2006]). Consequently, the Supreme Court properly determined that the Hochmans failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability in their favor with respect to their claim to recover damages for abuse of process (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

In light of the foregoing, we need not address the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.