■ JEFFREY G. STEINBERG, Appellant, v ARMSTRONG PLUMBING & HEATING, INC., et al., Respondents. [61 NYS3d 306]—

---

In an action to recover damages for breach of contract and negligent misrepresentation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated May 31, 2016, as denied his motion for summary judgment on the issue of liability and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for breach of contract and negligent misrepresentation based on alleged misstatements made by an employee of the defendants as to what work Consolidated Edison would require in connection with the installation of a gas generator on the plaintiff's property. Subsequently, the plaintiff moved for summary judgment on the issue of liability, and the defendants cross-moved, among other things, for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted that branch of the defendants' cross motion.

The plaintiff failed to establish his prima facie entitlement

to judgment as a matter of law on his cause of action alleging breach of contract. The contract submitted did not impose a duty on the defendants to advise the plaintiff as to the requirements of Consolidated Edison, which was not affiliated with the defendants. Moreover, based on the defendants' submission of the contract in support of their cross motion for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law dismissing that cause of action (*see Quartz Caterers, Inc. v Nassau County Bar Assn.*, 129 AD3d 1049, 1049 [2015]), and the plaintiff failed to raise a triable issue of fact in opposition.

The elements of a cause of action alleging negligent misrepresentation are as follows: "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff, (2) that the information was incorrect, and (3) reasonable reliance on the information" (*Nugent v Diocese of Rockville Ctr.*, 137 AD3d 760, 761 [2016]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180 [2011]). Here, the plaintiff failed to establish, prima facie, that he reasonably relied on the alleged misstatement by the defendants' employee (*see Baxter v Javier*, 109 AD3d 493, 494-495 [2013]). In addition, on their cross motion, the defendants established, prima facie, that the plaintiff did not reasonably rely on the alleged misstatement (*see Joseph v NRT Inc.*, 43 AD3d 312, 313 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Reilly Green Mtn. Platform Tennis v Cortese*, 59 AD3d 695, 696 [2009]).

Accordingly, the Supreme Court correctly denied the plaintiff's motion for summary judgment on the issue of liability (*see Quartz Caterers, Inc. v Nassau County Bar Assn.*, 129 AD3d at 1050; *Baxter v Javier*, 109 AD3d at 494-495), and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint (*see Quartz Caterers, Inc. v Nassau County Bar Assn.*, 129 AD3d at 1050; *Reilly Green Mtn. Platform Tennis v Cortese*, 59 AD3d at 696). Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.