*Paxfire, Inc. v. Richman*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

PAXFIRE, INC.,

> *Plaintiff-Appellant,*

> v.                                                                No. 18-2611

KIM RICHMAN, RICHMAN LAW GROUP, REESE, LLP, FKA REESE RICHMAN LLP, MILBERG, LLP, MILBERG TADLER PHILLIPS GROSSMAN LLP, BETSY FEIST,

> *Defendants-Appellees,*

REESE RICHMAN, LLP,

> *Defendant.*

_____

FOR PLAINTIFF-APPELLANT:                    ANDREW GROSSO, Andrew Grosso &
                                            Associates, Washington, DC (Arnon D.
                                            Siegal, Esq., New York, NY, *on the brief*).

FOR DEFENDANTS-APPELLEES:                   MATTHEW J. PRESS, Press Koral LLC,
                                            New York, NY (*for* Kim Richman,
                                            Richman Law Group, Betsy Feist);
                                            DOUGLAS J. PEPE (Jeffrey H. Zaiger, Gila
                                            S. Singer, *on the brief*), Joseph Hage
                                            Aaronson LLC, New York, NY (*for*
                                            Milberg LLP); ANTHONY D. GREEN
                                            (Luigi Spadafora, *on the brief*), Winget,
                                            Spadafora & Schwartzberg, LLP, New
                                            York, NY (*for* Reese, LLP, FKA Reese
                                            Richman LLP).

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 20, 2018, is **AFFIRMED**.

Plaintiff-Appellant Paxfire, Inc., appeals from the judgment of the District Court (Stanton, *J.*) dismissing its malicious prosecution action under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In 2011, Defendant-Appellee Betsy Feist brought a putative class action against Paxfire in the Southern District of New York, asserting that Paxfire intercepted and disclosed her internet activity, and that these actions violated the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, and state law (the "Wiretap Action"). *See generally Feist v. RCN Corp.*, 11-cv-5436 (S.D.N.Y.). Paxfire counterclaimed in that action for defamation and tortious interference with contractual and business relations, alleging that Feist and her attorneys caused Paxfire economic and reputational harm when they communicated with a reporter about the Wiretap Action.

In December 2012, Paxfire filed for bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Virginia. *See generally In re Paxfire, Inc.*, 12-bk-17341 (Bankr. E.D. Va.). Then, in the Wiretap Action, Paxfire requested that Judge Schofield restrict any recovery by Feist on her claims against Paxfire in that action to the amount necessary to offset any recovery that Paxfire might obtain on its counterclaims. Paxfire argued that, because Feist did not file a proof of claim or a "class proof of claim" with the Bankruptcy Court in Paxfire's Chapter 11 proceedings, bankruptcy law barred her from pursuing her putative class action against Paxfire for any greater amount.

In January 2016, while Paxfire's motion in the Wiretap Action was still pending, Paxfire and Feist submitted a joint letter and stipulation (the "Stipulation") to Judge Schofield. The Stipulation provided that (1) Feist would not move for class certification; (2) Feist's recovery in the Wiretap Action would be limited to a setoff against Paxfire's claims; and (3) Paxfire would limit its damages request, related to its counterclaims, to $10 million.

Shortly thereafter, the parties cross-moved for summary judgment in the Wiretap Action. In January 2017, Judge Schofield granted summary judgment to Feist on Paxfire's counterclaims, giving Paxfire no recovery. The judge then (1) dismissed Feist's claims against Paxfire "as moot in light of her stipulation to limit recovery on her claims to the amount necessary to offset Paxfire's recovery on its counterclaims"; and (2) denied Paxfire's motion for summary judgment on Feist's claims against it "as moot." Joint App'x 530.

In January 2018, one year after the Wiretap Action concluded, Paxfire filed the instant lawsuit in the Southern District of New York (Stanton, *J.*), suing Feist and her attorneys (collectively, "Defendants-Appellees") under New York law for malicious prosecution of the Wiretap Action. Defendants-Appellees then moved to dismiss Paxfire's amended complaint under Rule 12(b)(6). Judge Stanton granted the motion, reasoning that Paxfire failed to establish the necessary "favorable termination" element of a malicious prosecution claim. It is this ruling that Paxfire now appeals.

The Second Circuit reviews "*de novo* the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable

3

inferences in favor of the plaintiff." *Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018). Because Paxfire's malicious prosecution suit is a diversity action invoking New York law, "it is our task to ascertain what the law of New York is and apply it." *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir. 1996).

To pursue a malicious prosecution suit in New York, a plaintiff must establish that the underlying proceeding—*i.e.*, the prior action that the defendant allegedly prosecuted in a malicious manner against the plaintiff—"end[ed] in failure or, in other words, terminate[d] in favor of the plaintiff." *O'Brien*, 101 F.3d at 1484. To establish such a favorable termination, a plaintiff must show either that the court in the underlying action "passed on the merits of the charge or claim under such circumstances as to shown nonliability," or "that the action was abandoned under circumstances which fairly imply the . . . innocence [of the plaintiff in the malicious prosecution suit]." *Castro v. E. End Plastic, Reconstructive & Hand Surgery, P.C.*, 47 A.D.3d 608, 609, 850 N.Y.S.2d 483, 485 (2d Dep't 2008) (internal citations and quotation marks omitted). Absent "[a] dispute as to the factual circumstances involving the termination of the prosecution," the issue of favorable termination is a question of law for the court to decide. *Dunton v. Suffolk Cty.*, 729 F.2d 903, 911 n.9 (2d Cir. 1984); *see also Russo v. State of N.Y.*, 672 F.2d 1014, 1020 (2d Cir. 1982) (same), *decision modified on reh'g on other grounds*, 721 F.2d 410 (2d Cir. 1983).

For substantially the same reasons as relied on by the District Court, we conclude that the Wiretap Action did not terminate in Paxfire's favor or in a manner that showed Paxfire's nonliability. While it is true that by failing to file a claim in Paxfire's bankruptcy, Feist gave up any chance of an affirmative recovery, that does not support the proposition that Feist saw her claim as meritless, as Feist could reasonably have concluded that filing in the bankruptcy proceeding would merely be throwing good money after bad in view of the insufficiency of Paxfire's assets to pay claimants who had priority over Feist. Furthermore, notwithstanding having relinquished the opportunity for an affirmative recovery, Feist retained her right to press her claim as a setoff against any claim against her by Paxfire and indeed did so assert it in response to Paxfire's defamation counterclaims. Having no further opportunity for an affirmative recovery against Paxfire or its estate, Feist gave up nothing in

4

agreeing to stipulate to limit any award to an offset against Paxfire's counterclaims. And when Judge Schofield granted judgment in Feist's favor dismissing Paxfire's counterclaims, Feist could win nothing further, leading the Court to dismiss Feist's claims as moot. Nothing about the disposition showed that Feist's suit lacked merit or that Paxfire was not liable at the time.

* * *

We have considered Paxfire's remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court