Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C. (2019 NY Slip Op 09055)





Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C.


2019 NY Slip Op 09055


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-02165
 (Index No. 2300/13)

[*1]Wallkill Medical Development, LLC, appellant,
v
Catskill Orange Orthopaedics, P.C., et al., respondents, et al., defendant.


Bartels & Feureisen, LLP, White Plains, NY (Michael Fahey of counsel), for appellant.
Elman Freiberg PLLC, New York, NY (Howard I. Elman, Yosef Rothstein, Jeremy C. Bates, and Benjamin S. Litman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, breach of fiduciary duty, and fraudulent and negligent misrepresentation, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated January 30, 2017. The order, insofar as appealed from, granted the motion of the defendants Catskill Orange Orthopaedics, P.C., Bonehead, Inc. South, Bradley Wiener, Ronald Israelski, Charles Episalla, and Eric Martin for summary judgment dismissing the causes of action alleging breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action involves, inter alia, a business relationship between the plaintiff, Wallkill Medical Development, LLC (hereinafter Wallkill Medical), and two entities owned by the physicians who are named as defendants in this action. Wallkill Medical was formed in 2004. Nonparty Westage Medical Development VII, LLC, was the majority and managing member of Wallkill Medical. The defendant Bonehead, Inc. South (hereinafter Bonehead, Inc.), owned a 15% membership interest in Wallkill Medical. Bonehead, Inc., was owned by the individual defendants, Bradley Wiener, Ronald Israelski, Charles Episalla, Charles Peralo, and Eric Martin (hereinafter collectively the individual defendants). The Wallkill Medical operating agreement provided that "Member Affiliates," which included Bonehead, Inc., and/or its affiliate, were to lease space in a medical office building to be constructed by Wallkill Medical. The operating agreement also provided, as relevant, that the owners of Bonehead, Inc., would provide personal guarantees for the purpose of Wallkill Medical obtaining construction financing and permanent mortgage financing, if necessary.
After Wallkill Medical completed construction of the medical office building (hereinafter the medical building), in late 2006, a medical practice, the defendant Catskill Orange Orthopaedics, P.C. (hereinafter Catskill Orange), which was owned by the individual defendants, began occupying space in the medical building pursuant to a 10-year lease with Wallkill Medical.
In 2011, Catskill Orange allegedly began experiencing financial difficulties. The members of the practice attributed those difficulties, in part, to the departure from the practice of Peralo, who was subsequently suspended from practicing medicine for a period of time. In February 2013, Catskill Orange notified Wallkill Medical of its intent to vacate the leased premises, and it vacated the premises in March 2013.
Wallkill Medical commenced this action, inter alia, to recover damages for breach of the lease, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment. Thereafter, as relevant to this appeal, Catskill Orange, Bonehead, Inc., Weiner, Israelski, Episalla, and Martin (hereinafter collectively the Catskill Orange defendants) moved for summary judgment dismissing the causes of action alleging breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment insofar as asserted against them. The Supreme Court granted the Catskill Orange defendants' motion, and the plaintiff appeals.
We agree with the Supreme Court's determination granting those branches of the Catskill Orange defendants' motion which were for summary judgment dismissing the breach of fiduciary duty and aiding and abetting a breach of fiduciary duty causes of action insofar as asserted against them. "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Rut v Young Adult Inst., Inc., 74 AD3d 776, 777; see Faith Assembly v Titledge of N.Y. Abstract, LLC, 106 AD3d 47, 61). " A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach'" (AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 23, quoting Kaufman v Cohen, 307 AD2d 113, 125).
The Catskill Orange defendants demonstrated, prima facie, that they did not breach any fiduciary duty and did not aid or abet a breach of fiduciary duty owed to Wallkill Medical, and Wallkill Medical failed to raise a triable issue of fact in opposition to that showing (see Slocum Realty Corp. v Schlesinger, 162 AD3d 939, 944-945; Zuckerbrod v 355 Co., LLC, 113 AD3d 675, 676). While Wallkill Medical contends that the Catskill Orange defendants breached a fiduciary duty owed to it by failing to disclose the financial difficulties experienced by the Catskill Orange medical practice beginning in 2011, that contention is contradicted by the record, which shows that Wallkill Medical was made aware of that circumstance in early 2011. Although Wallkill Medical also contends that Catskill Orange failed to disclose certain facts as to its financial condition, including the existence of a certain debt owed by it to Chase Bank, the record demonstrates that Catskill Orange included that information in a financial disclosure that was timely submitted to Wallkill Medical. The Catskill Orange defendants also submitted evidence that Weiner, Israelski, Episalla, and Martin ultimately repaid that loan, placing Catskill Orange in no worse a position than it had been in prior to the draw down of that line of credit. Accordingly, we agree with the Supreme Court's determination granting those branches of the Catskill Orange defendants' motion which were for summary judgment dismissing the breach of fiduciary duty and aiding and abetting breach of fiduciary duty causes of action insofar as asserted against them (see Baldeo v Majeed, 150 AD3d 942, 945-946; North Fork Preserve, Inc. v Kaplan, 68 AD3d 732, 733; Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc., 58 AD3d 657, 658; see also Canzona v Atanasio, 118 AD3d 841, 843).
We also agree with the Supreme Court's determination granting that branch of the Catskill Orange defendants' motion which was for summary judgment dismissing the fraudulent concealment cause of action insofar as asserted against them. "A cause of action to recover damages for fraudulent concealment requires, in addition to scienter, reliance, and damages, a showing that there was a fiduciary or confidential relationship between the parties which would impose a duty upon the defendant to disclose material information and that the defendant failed to do so" (Consolidated Bus Tr., Inc. v Treiber Group, LLC, 97 AD3d 778, 779; see High Tides, LLC v DeMichele, 88 AD3d 954, 957). Even if it were shown that the Catskill Orange defendants owed [*2]a fiduciary duty to Wallkill Medical, they established, prima facie, that they did not fail to disclose any material information to Wallkill Medical (see Freiman v JM Motor Holdings NR 125-139, LLC, 82 AD3d 1154, 1155). In opposition, Wallkill Medical failed to raise a triable issue of fact (see Hecker v Paschke, 133 AD3d 713, 717).
We further agree with the Supreme Court's determination granting those branches of the Catskill Orange defendants' motion which were for summary judgment dismissing the negligent misrepresentation and fraudulent misrepresentation causes of action insofar as asserted against them. In order to recover damages based on a negligent misrepresentation theory, a plaintiff must show " (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect [or withheld]; and (3) reasonable reliance on the information [or omission]'" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180, quoting J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148; see Stilianudakis v Tower Ins. Co. of N.Y., 68 AD3d 973). "To recover damages for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury" (Bernardi v Spyratos, 79 AD3d 684, 687; see Lewis v Wells Fargo Bank, N.A., 134 AD3d 777, 778).
Here, the Catskill Orange defendants demonstrated, prima facie, that they timely disclosed to Wallkill Medical relevant financial information, including information regarding the Chase Bank loan, and that they timely disclosed their financial difficulties. In opposition, Wallkill Medical failed to raise a triable issue of fact (see Hecker v Paschke, 133 AD3d at 717). Wallkill Medical's assertions regarding an alleged misstatement of future intentions is not sufficient to raise a triable issue of fact (see Nerey v Greenpoint Mtge. Funding, Inc., 144 AD3d 646, 647-648). Moreover, the Catskill Orange defendants demonstrated, prima facie, that Wallkill Medical did not sustain damages as a result of any purported negligent representation. In opposition, Wallkill Medical failed to raise a triable issue of fact (see Reilly Green Mtn. Platform Tennis v Cortese, 59 AD3d 695, 696). While Wallkill Medical alleges that it made certain expenditures in reliance upon the representations of Catskill Orange, it submitted no specific proof as to any such expenditures. Further, Wallkill Medical failed to set forth any evidence of damages that resulted from the alleged fraudulent or negligent representation (see Harris v Dutchess County Bd. of Coop. Educ. Servs., 170 AD3d 821; see also ISS Action, Inc. v Tutor Perini Corp., 170 AD3d 686, 689).
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court