■ In the Matter of ENTERTAINMENT PARTNERS GROUP, INC., Doing Business as THE CRANE CLUB, Appellant, v GAIL DAVIS et al., Respondents, et al., Defendant. [603 NYS2d 439] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered October 23, 1991, which, *inter alia,* granted the motion by defendants Gail Davis, Lawrence D. Bernfeld and Ed Green ("defendants") to dismiss the complaint, with prejudice, as against them, and order of the same court and Justice, entered on or about October 8, 1992, which awarded the defendants attorneys' fees and other costs in the sum of $10,000 each pursuant to CPLR 8303-a, unanimously affirmed, with costs.

The IAS Court properly rejected plaintiff's attempt to bring a defamation action against the defendants, community opponents of plaintiff's requested zoning permit for operation of a restaurant and nightclub on the upper west side of Manhattan, in the guise of an economic tort, as well as the plaintiff's attempt to cast its defamation claim as tortious interference with business relations or prima facie tort since it is well settled that a plaintiff may not circumvent the one-year statute of limitations applicable to defamation actions (CPLR 215 [3]) by denominating the action as one for intentional interference with economic relations, prima facie tort, or injurious falsehood if, in fact, the claim seeks redress for injury to reputation *(Ramsay v Bassett Hosp.,* 113 AD2d 149, 151-152, *lv dismissed* 67 NY2d 608). Additionally, a cause of action for prima facie tort or intentional interference with prospective economic advantage does not lie absent an allegation that the action complained of was motivated solely by malice or to inflict injury by unlawful means rather than by self-interest or other economic considerations *(Mandelblatt v Devon Stores,* 132 AD2d 162, 168).

We note also that New York State public policy strongly disfavors SLAPP suits designed to chill the exercise of a citizen's right to petition the government or appropriate administrative agency for redress of a perceived wrong *(Sutton Area Community v City of New York,* NYLJ, Nov. 9, 1988, at 21, col 4 [Nardelli, J.]; Civil Rights Law § 70-a [L 1992, ch 767, § 2 (eff Jan. 1, 1993)]; *see, Havoco of Am. v Hollobow,* 702 F2d 643, 650; *Gorman Towers v Bogoslavsky,* 626 F2d 607, 614-615).

The IAS Court properly imposed as a sanction an award of $10,000 in costs and attorneys' fees as against the plaintiff to each of the individual defendants pursuant to CPLR 8303-a (a). The statute mandates an award in any tort action "commenced or continued by a plaintiff * * * that is found, at any time during the proceedings or upon judgment, to be frivolous by the court." Here, the underlying retaliatory and harassing SLAPP action, intended to stifle legitimate activity by community groups and time-barred by the one-year statute of limitations applicable to defamation actions, was, as the IAS Court found, brought in bad faith and was without any reasonable basis in law or fact (CPLR 8303-a [c]; *Grasso v Mathew,* 164 AD2d 476, *lv dismissed* 77 NY2d 940, *lv denied* 78 NY2d 855).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross and Nardelli, JJ. *[See,* 155 Misc 2d 894.]