■ JACOB D. FELDMAN et al., Respondents, v SOUTH HUNTINGTON UNION FREE SCHOOL DISTRICT, Appellant. [691 NYS2d

120] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 3, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was to dismiss so much of the complaint as sought to recover damages for failure to properly maintain or inspect the school property and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court erred in failing to dismiss so much of the plaintiffs' complaint as sought to recover damages against the defendant, South Huntington Union Free School District (hereinafter the District), on the ground that the District failed to properly maintain the school property where the infant plaintiff was injured. There was no admissible evidence in the record that the District had either actual or constructive notice of the existence of shards of glass behind the bush abutting the school (*see, Hollinger v Chestnut Ridge Racquet Corp.*, 227 AD2d 380; *Kraemer v K-Mart Corp.*, 226 AD2d 590).

However, the Supreme Court properly denied that branch of the motion which was to dismiss the cause of action to recover damages based upon negligent supervision. Questions of fact exist as to whether a reasonably prudent parent under the circumstances would have allowed the children to play around and between the bushes, and whether the group leader's failure to know the whereabouts of the infant plaintiff for a period of five to ten minutes was adequate supervision (*see, Mirand v City of New York*, 84 NY2d 44; *Hilf v Massapequa Union Free School Dist.*, 245 AD2d 261; *Gattyan v Scarsdale Union Free School Dist. No. 1*, 152 AD2d 650; *Foster v New Berlin Cent. School Dist.*, 246 AD2d 880). Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.