■ Leonilla B. Herrera, Plaintiff, v Mary G. Moran et al., Defendants. (Action No. 1.) Mary G. Moran, Appellant, v Leonilla B. Herrera et al., Defendants, and Town of Islip, Respondent. (Action No. 2.) Susan Perrini, Appellant, v Leonilla B. Herrera et al., Defendants, and Town of Islip, Respondent. (Action No. 3.) [707 NYS2d 217] —In three related actions to recover damages for personal injuries, the plaintiff in Action No. 2 appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 4, 1999, as granted that branch of the motion of the defendant Town of Islip which was for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against it, and the plaintiff in Action No. 3 appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of the defendant Town of Islip which was for summary judgment dismissing the complaint in Action No. 3 insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the respondent's motion which were for summary judgment

dismissing the complaints in Action Nos. 2 and 3 are denied, and the complaints in Action Nos. 2 and 3 are reinstated insofar as asserted against the respondent.

The plaintiffs in Action Nos. 2 and 3 (hereinafter the plaintiffs) were injured in an automobile accident at the intersection of Brentwood Road and Massachusetts Avenue in Bayshore, an intersection which borders a residential and commercial area. These plaintiffs commenced separate actions against, among others, the Town of Islip, asserting that it was negligent in failing to replace a missing stop sign at the intersection. The Town moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In opposition to the motion, the plaintiffs submitted affidavits of three people living on Massachusetts Avenue stating that the stop sign had been missing for at least 13 days prior to the accident. The Supreme Court granted those branches of the Town's motion which were for summary judgment dismissing the complaints in Action Nos. 2 and 3 on the basis that 13 days was an insufficient time to charge the Town with constructive notice of the missing stop sign. We reverse.

Under the circumstances, it cannot be said that, as a matter of law, 13 days is an insufficient period of time for the Town to become aware of the missing stop sign and replace it (*cf., Tanner W. v County of Onondaga,* 225 AD2d 1074; *Prager v MVAIC,* 74 AD2d 844).

The Town's remaining contention, that its Code requires that it be provided with written notice of a missing stop sign, is without merit (*see, Walker v Town of Hempstead,* 84 NY2d 360, 361; *Fitzpatrick v Barone,* 215 AD2d 351). Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.