■ CHRISTIAN MARTINOVICS, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [728 NYS2d 498] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme

Court, Kings County (Bellard, J.), dated June 2, 2000, which granted the motion of the defendants Maimonides Medical Center, Hanumantharao Bodapati, and Cezar Cajita, pursuant to CPLR 3042 and 3043, joined, in part, by the defendant New York City Health and Hospitals Corporation, to strike the plaintiff's amended bill of particulars.

Ordered that the order is reversed, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion is denied.

The infant plaintiff was born on September 9, 1992, at the defendant New York City Health and Hospital Corporation's (hereinafter HHC) Coney Island Hospital. According to the plaintiff's initial bills of particular served in or about July 1997, employees of the Coney Island Hospital allegedly were negligent in failing to respond to signs of fetal distress. The failure to diagnose and treat the plaintiff resulted in various physical injuries caused by oxygen deprivation. Following his birth, the plaintiff was transferred to the defendant Maimonides Medical Center (hereinafter Maimonides) where additional acts of malpractice were allegedly committed.

The initial bills of particular served upon Maimonides and the defendants Hanumantharao Bodapati and Cezar Cajita were generalized and uninformative. The initial bill served on the HHC was much more specific in its allegations. In any event, counsel for Maimonides, Bodapati, and Cajita (hereinafter collectively the Maimonides defendants) wrote to the plaintiff's attorney in July 1997, demanding a "proper" bill of particulars. Counsel for the Maimonides defendants also demanded bills of particulars "individually tailored" to doctors Bodapati and Cajita.

This matter was discussed at a pretrial conference on October 24, 1997, resulting in a pretrial conference order providing, *inter alia*, that the plaintiff was to provide a supplemental bill of particulars stating if the plaintiff was claiming: "misdiagnosis, failure to administer diagnostics [*sic*] therapy, medication, surg[ical] procedures or whether def[endants] administered contraindicated med[ications] or administered med[ications] negligently." Additionally, the plaintiff was to provide specifics as to whether he was alleging that the defendants used defective equipment, and the factual basis for his cause of action based on lack of informed consent. Pursuant to the preliminary conference order, these particulars were to be provided within 45 days after completion of party depositions.

Although the parties disagree as to the reasons, it is

uncontroverted that the defendants Bodapati and Cajita were never deposed. Discovery, in general, was arduous. As a result of further correspondence, on or about February 13, 1998, counsel for the plaintiff sent a letter to defense counsel which provided "further clarification of the issues" in controversy, stating that: "it will be claimed that after the infant-plaintiff was transferred from Coney Island Hospital, he was intubated and subsequently extubated himself during suctioning and became bradycardic, was not adequately profused with oxygen and became acidic. Further, he was not reintubated for more than one hour, resulting in cardiac arrest and septic shock."

On or about March 2, 2000, the plaintiff served "further" bills of particulars providing additional specific information as directed by the preliminary conference order. The further bill of particulars served on Maimonides identified a number of physicians and nurses whose involvement in the case was revealed by the medical records. The plaintiff alleged that Maimonides was vicariously liable for the negligence of its employees. Two days later, on March 4, 2000, in accordance with the parties' stipulation, the plaintiff served a note of issue.

The Maimonides defendants moved to strike the note of issue and the further bill of particulars, complaining that the plaintiff had improperly raised new claims of negligence and theories of liability. The Maimonides defendants argued that the plaintiff's *letter* dated February 13, 1998, clarifying his claims was, in fact, a supplemental bill of particulars. The Maimonides defendants claimed that this letter constituted an amended bill of particulars as of right pursuant to CPLR 3042 (b), and that the plaintiff needed leave to serve his further bill of particulars in March 2000. Moreover, because this further bill of particulars exceeded the scope of CPLR 3043 (b) limiting supplemental bills of particulars to claims of continuing special damages and disabilities, the Maimonides defendants contended that it should be stricken. The HHC partly joined in the motion. The Maimonides defendants subsequently withdrew the branch of the motion seeking to strike the note of issue, leaving only the propriety of the further bill of particulars in controversy.

By order dated June 2, 2000, the Supreme Court granted the motion of the Maimonides defendants and struck the plaintiff's further bill of particulars. The handwritten order provides no reasons for this decision. We reverse.

After repeatedly complaining that the plaintiff failed to provide sufficient particulars, it is disingenuous for the Maimonides defendants to argue that the plaintiff's letter dated

February 13, 1998, was actually a bill of particulars, and that the further bill of particulars served in March 2000 required leave of the court. CPLR 3044 expressly requires bills of particulars in this malpractice action to be verified. The plaintiff's letter dated February 13, 1998, was not verified. Clearly, it was not intended as a bill of particulars, and the Maimonides defendants did not accept it as such. The Maimonides defendants continued to express their dissatisfaction with the plaintiff's prior submissions and the letter merely served as a clarification of the plaintiffs' initial bill of particulars. When further discovery enabled the plaintiff to provide additional information, those particulars were provided via the plaintiff's further bill of particulars which was served, as of right, two days before the filing of the note of issue (*see,* CPLR 3042 [b]). While the Maimonides defendants object that this was, in effect, a "simultaneous filing" they cite no relevant authority supporting their position. The bill of particulars filed on March 2, 2000, preceded the filing of the note of issue on March 4, 2000, and thus the further bill of particulars was served "as of course prior to the filing of [the] note of issue" (CPLR 3042 [b]).

Moreover, the further bills of particulars did not interpose new claims in violation of CPLR 3043 (b). The arguments of the Maimonides defendants in this regard blur the distinction between CPLR 3042 (b) and 3043 (b). CPLR 3042 (b), which governs amendments to bills of particulars: "should not be confused with the provision of CPLR 3043 (b) that permits the supplementation of the bill any time up to 30 days before the trial, even if the note of issue has long since been filed. That provision, applicable only in personal injury cases, is designed to permit the plaintiff to update claims of special damages. It exists independently of the right that CPLR 3042 (b) confers to amend the bill. (The CPLR 3043 supplementation may be made only to update special damages. An amendment, on the other hand, can effect *any change at all* in the bill.)" (Siegel, 1994 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:14, 2001 Pocket Part at 114, emphasis supplied.) In any event, the plaintiff's further bill of particulars elaborated on previously alleged theories of liability, and merely provided more specific information as requested by the defendants which the plaintiff was unable to supply at the time he served the initial bill of particulars (*see, Orros v Yick Ming Yip Realty,* 258 AD2d 387; *Pidgeon v Metro-North Commuter R. R.,* 248 AD2d 318; *Lamb v Rochester General Hosp.,* 130 AD2d 963; *McKenzie v St. Elizabeth Hosp.,* 81 AD2d 1003). Under these circumstances, there was nothing improper in the content of the further bill of particulars.

The defendants' remaining contentions are without merit. Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.