■ ANTHONY CULOTTA et al., Appellants, v SMITHTOWN CENTRAL SCHOOL DISTRICT, Respondent, et al., Defendant. [831 NYS2d 238]——

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Werner, J.), dated September 23, 2005, which granted the motion of the defendant Smithtown Central School District for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion for summary judgment on the issue of liability as against the defendant Smithtown Central School Dsitrict.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Smithtown Central School District for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

On March 4, 2003 the infant plaintiff, during his recess/lunch period at the Dogwood Elementary School in Smithtown, allegedly was injured when he slipped and fell over a coat that was lying on the gymnasium floor. The Supreme Court erred in granting summary judgment to the defendant Smithtown Central School District (hereinafter the defendant) because it failed to submit evidence sufficient to establish its entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Triable issues of fact exist as to whether the defendant failed to maintain its premises in a reasonably safe manner by permitting its students to pile their coats on the floor of the vestibule, which was not separated in any way from the adjacent gymnasium floor, and whether it was foreseeable that one or more of the coats would fall off the pile onto the adjacent gymnasium floor (see generally Basso v Miller,

40 NY2d 233, 240-241 [1976]). Additionally, triable issues of fact exist as to how long the subject coat had been on the gymnasium floor where the incident occurred after it had fallen over, and whether the defendant had constructive notice of the alleged hazardous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Backer v Central Parking Sys.*, 292 AD2d 408, 409 [2002]; *Huth v Allied Maintenance Corp.*, 143 AD2d 634, 635-636 [1988]). Furthermore, triable issues of fact exist as to whether a reasonably prudent parent under comparable circumstances would have allowed the coat to remain on the gymnasium floor while fifth-grade children played about and whether the defendant negligently supervised the infant plaintiff (*see Mirand v City of New York*, 84 NY2d 44, 49-50 [1994]; *Feldman v South Huntington Union Free School Dist.*, 262 AD2d 276, 277 [1999]).

The Supreme Court properly denied the plaintiffs' cross motion for summary judgment, as the plaintiffs failed to establish their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr., supra* at 853; *Zuckerman v City of New York, supra* at 562; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.