TIMOTHY SICIGNANO, Appellant, v TOWN OF ISLIP, Respondent. [838 NYS2d 655]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 6, 2006, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability, to compel the defendant to accept his amended verified bill of particulars, and for an award of costs and fees.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion, and by deleting the provisions thereof denying those branches of the plaintiff's cross motion which were to compel the defendant to accept his amended veri-

fied bill of particulars and for an award of costs and fees, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Suffolk County, for an appropriate award of costs and fees to the plaintiff pursuant to CPLR 8303-a.

The plaintiff allegedly was injured when the car he was driving was involved in a late-night car accident on Hyman Avenue in the Town of Islip (hereinafter the Town). Hyman Avenue consists of two stretches, separated by a wooded patch of land owned by the Town. This patch of land creates dead ends on both the northern and southern portions of Hyman Avenue. The plaintiff alleged that he was driving north on Hyman Avenue, when his car collided with a basketball pole and tree on the patch of land. There was no dead end sign at the terminus of the avenue, as required by statute and Department of Transportation regulations (see General Municipal Law § 125-a; 17 NYCRR 200.4 [d]; 233.7 [a] [1]).

The plaintiff commenced this action against the Town, alleging that the Town's failure to maintain a dead end sign at the site caused his injuries. The Town joined issue, then moved for summary judgment dismissing the complaint based on section 47A-3 of the Code of the Town of Islip, which purports to bar suits against the Town resulting from, inter alia, missing traffic signs, where the Town did not receive prior written notice of the condition.

The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability and to impose costs and fees on the Town for its alleged maintenance of a frivolous defense. The Supreme Court granted the Town's motion and denied the plaintiff's cross motion.

The Town's reliance on its prior written notice statute was both without merit and frivolous pursuant to CPLR 8303-a (see Walker v Town of Hempstead, 84 NY2d 360 [1994]; Herrera v Moran, 272 AD2d 374 [2000]; Fitzpatrick v Barone, 215 AD2d 351 [1995]; General Municipal Law § 50-e [4]). Indeed, this Court has previously held the same provision of the Code of the Town of Islip invalid as applied to missing traffic signs (see Herrera v Moran, supra; see also DiSanto v Town of Islip, 212 AD2d 500 [1995]). The Town did not cite the controlling precedent in its motion papers, even in reply to the plaintiff's opposition relying on those cases. Thus, the Town did not even attempt to support the defense "by a good faith argument for an extension, modification or reversal of existing law" (CPLR 8303-a [c] [ii]). The Town's assertion and continuation of the defense under

these circumstances was frivolous, and the Supreme Court should have awarded costs and fees to the plaintiff pursuant to CPLR 8303-a.

The Town did not meet its burden of establishing prima facie the absence of notice. It failed to submit any evidence that the dead end sign was missing for an insufficient period of time for its employees to have discovered and remedied the problem (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Strange v Colgate Design Corp.,* 6 AD3d 422 [2004]; *cf. Corsaro v Stop & Shop,* 287 AD2d 678 [2001]). The Town's motion therefore should have been denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The plaintiff likewise failed to establish his entitlement to judgment as a matter of law, and the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability (*see Winegrad v New York Univ. Med. Ctr.,supra; Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Culotta v Smithtown Cent. School Dist.,* 37 AD3d 755 [2007]; *Scibelli v Hopchick,* 27 AD3d 720 [2006]).

The Supreme Court should have granted that branch of the plaintiff's cross motion which was to compel the Town to accept his amended bill of particulars, which was admittedly served prior to the filing of the note of issue (*see* CPLR 3042 [b]; *Martinovics v New York City Health & Hosps. Corp.,* 285 AD2d 532 [2001]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.