ROBERT J. ZYSK, Appellant, v KAUFMAN, BORGEEST & RYAN, LLP, et al., Respondents. [862 NYS2d 72]—

In an action, inter alia, to recover damages for libel, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered December 26, 2006, as granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) which was to dismiss the complaint, (2) from so much of an order of the same court dated July 2, 2007, as denied his cross motion, denominated as one for leave to reargue and/or renew, but which was, in actuality, one for leave to reargue his opposition to the defendants' motion, and (3) from a money judgment of the same court entered July 30, 2007, which, upon so much of the order entered December 26, 2006, as granted that branch of the defendants' motion which was to impose a sanction for frivolous litigation pursuant to CPLR 8303-a (a), and so much of the order dated July 2, 2007, as granted the defendant's motion to fix the amount of the costs, disbursements, and attorney's fees payable to the defendants for frivolous litigation pursuant to CPLR 8303-a (a), is in favor of the defendants in the total sum of $15,785.20.

Ordered that on the Court's own motion, the notices of appeal from so much of the order entered December 26, 2006, as granted that branch of the defendants' motion which was to

impose a sanction for frivolous litigation pursuant to CPLR 8303-a (a), and from so much of the order dated July 2, 2007, as granted the defendants' motion to fix the amount of the costs, disbursements, and attorney's fees payable to them for frivolous litigation pursuant to CPLR 8303-a (a), are deemed premature notices of appeal from the money judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal from so much of the order dated July 2, 2007, as denied the defendant's cross motion, denominated as one for leave to reargue and/or renew, but which was, in actuality, one for leave to reargue his opposition to the defendants' motion, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered December 26, 2006 is affirmed insofar as reviewed; and it is further,

Ordered that the money judgment is modified, on the law, by reducing the total sum awarded from $15,785.20 to the total sum of $10,000; as so modified, the money judgment is affirmed, and the order dated July 2, 2007, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, as the complaint was patently devoid of merit (*see Sinrod v Stone,* 20 AD3d 560 [2005]; *Del Vecchio v Nelson,* 300 AD2d 277 [2002]). Moreover, the court properly granted that branch of the defendants' motion which was to impose a sanction for frivolous litigation pursuant to CPLR 8303-a (a), based on the findings that the plaintiff, an experienced attorney, commenced and continued this action in bad faith, and that the action was without any reasonable basis in law or fact and could not be supported by a good faith argument for an extension, modification, or reversal of existing law (*see* CPLR 8303-a [c] [i], [ii]; *Grasso v Mathew,* 164 AD2d 476 [1991]). We note, however, that by the express terms of CPLR 8303-a (a), an award of costs and reasonable attorneys' fees for frivolous litigation may not exceed "ten thousand dollars." Since the defendants only moved to impose a sanction pursuant to CPLR 8303-a (a), and the court relied only upon that statute in awarding costs, disbursements, and attorney's fees payable to the defendants, we modify the money judgment by reducing the award to the total sum of $10,000, and modify the order dated July 2, 2007 accordingly. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.