In an action, inter alia, to recover damages for breach of contract, fraud, and negligent misrepresentation, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J), dated October 18, 2010, as denied his motion for summary judgment on the issue of liability on his causes of action to recover damages for breach of contract, fraud, and negligent misrepresentation, and granted those branches of the defendants’ cross motion which were to dismiss the complaint based on the doctrine of laches and for summary judgment dismissing the claim for punitive damages, and (2) from an order of the same court dated July 28, 2011, which denied his motion for leave to reargue and renew his prior opposition to the defendants’ cross motion, and the defendants cross-appeal from so much of the order dated October 18, 2010, as denied that branch of their cross motion which was for “an award of costs and/or the imposition of sanctions pursuant to CFLR 8303-a and/or 22 NYCRR 130-1.1.”
Ordered that the appeal from so much of the order dated July 28, 2011, as denied that branch of the plaintiffs motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated October 18, 2010, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the defendants’ cross *494 motion which was to dismiss the complaint based on the doctrine of laches, and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof denying that branch of the defendants’ cross motion which was for an award of costs and attorney’s fees pursuant to CPLR 8303-a, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order dated October 18, 2010, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, to determine an appropriate award of costs and attorney’s fees, and to consider whether the action should be removed to a lower court pursuant to CPLR 325 (d); and it is further,
Ordered that the order dated July 28, 2011, is affirmed insofar as reviewed, without costs or disbursements.
The Supreme Court erred in granting that branch of the defendants’ cross motion which was to dismiss the complaint based on the doctrine of laches, or the plaintiffs failure to prosecute the action. £1[I]t is well settled that ‘courts do not possess the power to dismiss an action for general delay where plaintiff has not been served with a 90-day demand to serve and file a note of issue’ ” (Roth v Black Star Publ. Co., 302 AD2d 442, 443 [2003], quoting Chase v Scavuzzo, 87 NY2d 228, 233 [1995]; see Airmont Homes v Town of Ramapo, 69 NY2d 901 [1987]; Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17 [2013]; Commissioners of State Ins. Fund v Concord Messenger Serv., Inc., 34 AD3d 355, 355-356 [2006]). The defendants’ “remedy was to serve a written demand [pursuant to CPLR 3216] that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand” (Roth v Black Star Publ. Co., 302 AD2d at 443; see CPLR 3216; Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17 [2013]). The defendants failed to do so. Accordingly, the Supreme Court should have denied that branch of the defendants’ cross motion which was to dismiss the complaint based on the doctrine of laches (see Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17 [2013]).
The Supreme Court properly denied the plaintiffs motion for summary judgment on the issue of liability on his causes of action to recover damages for breach of contract, fraud, and negligent misrepresentation. The plaintiff failed to make a prima facie showing that the parties clearly intended that the contract provisions at issue would survive the delivery of a certain deed, or that the defendants made a misrepresentation *495 or a material omission of fact which was false and known to be false by them (see generally Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; Lunal Realty, LLC v DiSanto Realty, LLC, 88 AD3d 661, 662-663 [2011]; Northeast Steel Prods., Inc. v John Little Designs, Inc., 80 AD3d 585, 585 [2011]). Further, as to the cause of action alleging negligent misrepresentation, the plaintiffs submissions failed to establish that a fiduciary or special relationship existed between the defendants and the plaintiff in this arms-length transaction (see Lunal Realty, LLC v DiSanto Realty, LLC, 88 AD3d at 663). Accordingly, the plaintiffs motion for summary judgment on the issue of liability on his causes of action to recover damages for breach of contract, fraud, and negligent misrepresentation was properly denied, regardless of the sufficiency of the opposing papers (see Rivera v State of New York, 29 AD3d 772 [2006]).
The Supreme Court properly granted that branch of the defendants’ cross motion which was for summary judgment dismissing the plaintiffs claim for punitive damages. In opposition to the defendants’ prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the defendants’ alleged conduct was so gross, wanton, or willful, or of such high moral culpability, as to warrant an award of punitive damages (see Stormes v United Water N.Y., Inc., 84 AD3d 1351, 1351-1352 [2011]; Outside Connection, Inc. v DiGennaro, 18 AD3d 634, 634 [2005]). Inasmuch as the complaint only seeks $3,500 in compensatory damages, the Supreme Court may, in its discretion, remove the action to a lower court pursuant to CPLR 325 (d).
The Supreme Court improvidently exercised its discretion in denying that branch of the defendants’ cross motion which was for an award of costs and attorney’s fees pursuant to CPLR 8303-a (c). The plaintiffs claim for punitive damages was asserted solely to harass the defendants. Thus, an award of costs and attorney’s fees is warranted (see CPLR 8303-a; Sicignano v Town of Islip, 41 AD3d 830, 831 [2007]).
In light of our determination, the defendants’ remaining contention has been rendered academic. Dillon, J.R, Angiolillo, Leventhal and Sgroi, JJ., concur.