■ Robert C. Baxter, Appellant, v Mark Javier et al., Respondents. [33 NYS3d 356]—

In an action, inter alia, to recover damages for injury to property, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated December 10, 2014, as granted the defendants' motion for an award of attorney's fees in the sum of $64,565.36, and to impose a sanction upon the plaintiff in the sum of $6,000 pursuant to CPLR 8303-a and 22 NYCRR 130-1.1 (a), and (2) so much of an amended judgment of the same court entered February 10, 2015, which, upon the order, is in favor of defendants and against him in the principal sum of $64,565.36 and imposed a $6,000 sanction upon him pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the amended judgment is modified, on the law, by (1) reducing the award of attorney's fees in favor of the defendants and against the plaintiff from the principal sum of $64,565.36 to the principal sum of $20,000, payable in the principal sum of $10,000 to each defendant, and (2) by deleting the provision thereof imposing a sanction upon the plaintiff in the sum of $6,000 pursuant to 22 NYCRR 130-1.1; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been

considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]).

A dispute between the parties arose in January 2000 after the plaintiff purchased the defendants' house. In April 2000, the plaintiff commenced this action alleging, inter alia, that the defendants had damaged the property between the time of his final "walk through" and the closing. The complaint sought $3,500 in compensatory damages and $50,000 in punitive damages. By order dated October 18, 2010, the Supreme Court, inter alia, granted those branches of the defendants' cross motion which were to dismiss the complaint based on the doctrine of laches and for summary judgment dismissing the claim for punitive damages, and denied that branch of the defendants' cross motion which was for an award of costs and attorney's fees and/or the imposition of sanctions pursuant to CPLR 8303-a and/or 22 NYCRR 130-1.1.

Thereafter, the plaintiff appealed and the defendants cross-appealed from that order. This Court modified the order by denying that branch of the defendants' cross motion which was to dismiss the complaint based on the doctrine of laches and by granting "that branch of the defendants' cross motion which was for an award of costs and attorney's fees *pursuant to CPLR 8303-a*," and remitted the matter to the "Supreme Court, Suffolk County, [inter alia,] to determine an appropriate award of costs and attorney's fees" (*Baxter v Javier*, 109 AD3d 493, 493-494 [2013] [emphasis added]). This Court's modification of the order did not affect the Supreme Court's denial of sanctions pursuant to 22 NYCRR 130-1.1. In relevant part, this Court stated: "The Supreme Court improvidently exercised its discretion in denying that branch of the defendants' cross motion which was for an award of costs and attorney's fees pursuant to CPLR 8303-a (c). The plaintiff's claim for punitive damages was asserted solely to harass the defendants. Thus, an award of costs and attorney's fees is warranted (*see* CPLR 8303-a; *Sicignano v Town of Islip*, 41 AD3d 830, 831 [2007])" (*id.* at 495). Upon remittitur, the Supreme Court, in an order dated December 10, 2014, concluded that the defendants were entitled to "$64,565.36, representing costs and attorney's fees, together with a sanction for filing a frivolous claim for punitive damages in the sum of $6,000, all pursuant to CPLR 8303-a, b [sic], and 22 NYCRR Part 130-1.1 (a)." Subsequently, the Supreme Court entered an amended judgment upon the order, and the plaintiff now appeals. We modify.

In accordance with this Court's prior decision and order, the defendants were only entitled to an award of attorney's fees

and costs based upon CPLR 8303-a (*see Baxter v Javier*, 109 AD3d at 494). CPLR 8303-a provides, in pertinent part, that where, as here, a plaintiff has commenced a "frivolous" claim in an action to recover damages for injury to property, "the court shall award to the successful party costs and reasonable attorney's fees not exceeding ten thousand dollars." Thus, the plaintiff is correct that the Supreme Court erred in basing its award on both CPLR 8303-a and 22 NYCRR part 130, and in awarding attorney's fees and costs in excess of the statutory limit set forth in CPLR 8303-a (*see Zysk v Kaufman, Borgeest & Ryan, LLP*, 53 AD3d 482, 483 [2008]). Similarly, the court erred in imposing a sanction upon the plaintiff pursuant to 22 NYCRR 130-1.1.

However, contrary to the contention of the plaintiff, the Supreme Court was not limited to making only one $10,000 award under CPLR 8303-a. The statute specifically permits an award of up to $10,000 to "the successful party" against whom a frivolous claim is asserted. Here, the plaintiff interposed frivolous claims for punitive damages against each of the two defendants, and consequently, there are two "successful parties" within the meaning of CPLR 8303-a. Thus, each defendant is entitled to a separate award under CPLR 8303-a of up to $10,000 (*see Entertainment Partners Group v Davis*, 155 Misc 2d 894, 901-902 [1992], *affd* 198 AD2d 63 [1993]).

Accordingly, the award must be modified and the sanction must be vacated. As indicated, under the circumstances of this case, including the defendants' submissions to the Supreme Court regarding the legal fees which they incurred, we deem it appropriate to reduce the award made pursuant to CPLR 8303-a, to the principal sum of $20,000, payable in the principal sum of $10,000 to each defendant.

The parties' remaining contentions are without merit. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.