Doscher v Meyer (2019 NY Slip Op 08171)





Doscher v Meyer


2019 NY Slip Op 08171


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-08699
2016-10489
 (Index No. 602879/16)

[*1]Drew Doscher, etc., plaintiff, 
v
Michael J. Meyer, et al., respondents; Michael J. Devereaux, nonparty- appellant.


Michael J. Devereaux, New York, NY, appellant pro se.
Arnold & Porter Kaye Scholer LLP, New York, NY (James M. Catterson, Margaret A. Rogers, and Stephanna F. Szotkowski of counsel), for respondents Michael J. Meyer, Michael Meagher, and Stephen Smith.
McGreevy & Henle, LLP, Riverhead, NY (Peter M. McGreevy of counsel), for respondent Greenberg Traurig, LLP, and Michael Burrows, New York, NY, respondent pro se (joining in the brief filed by the respondents Michael J. Meyer, Michael Meagher, and Stephen Smith).



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, nonparty Michael J. Devereaux appeals from (1) an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated July 19, 2016, and (2) an order and judgment (one paper) of the same court entered September 15, 2016. The order, insofar as appealed from, in effect, granted those branches of the motion of the defendants Michael J. Meyer, Michael Meagher, and Stephen Smith, and the separate motion of the defendants Greenberg Traurig, LLP, and Michael Burrows, which were pursuant to CPLR 8303-a to impose sanctions against nonparty Michael J. Devereaux. The order and judgment, insofar as appealed from, upon the order, is in favor of the defendants and against nonparty Michael J. Devereaux in the principal sum of $50,000, payable in the principal sum of $10,000 to each defendant.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, to determine an appropriate award of costs and attorney's fees pursuant to CPLR 8303-a against nonparty Michael J. Devereaux.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
The plaintiff, Drew Doscher, and the defendants Michael J. Meyer, Michael Meagher, and Stephen Smith (hereinafter collectively the Emerson defendants) formed two limited liability companies, 148 South Emerson Partners, LLC (hereinafter Emerson Partners), and 148 South Emerson Associates, LLC (hereinafter Emerson Associates). Originally, Doscher and the Emerson defendants each held a 25% ownership interest in each company. Meagher and Smith subsequently assigned their respective ownership interests in Emerson Associates to Meyer and Doscher. A dispute arose as to whether Meagher and Smith had also transferred their ownership interests in Emerson Partners to Meyer and Doscher. An onslaught of protracted, acrimonious litigation between the parties ensued, which has been the subject of several appeals to this Court (see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 889; Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887; Meagher v Doscher, 157 AD3d 880). One action (hereinafter the accounting action) was commenced by, among others, Meyer, individually and derivatively on behalf of Emerson Associates, against Emerson Associates and Doscher, seeking, inter alia, an accounting of Emerson Associates based on allegations that Doscher was mismanaging Emerson Associates and wrongfully diverting assets of Emerson Associates to himself (see Meagher v Doscher, 157 AD3d at 883-884). In the accounting action, the Supreme Court granted the motion of the plaintiffs therein to appoint a temporary receiver for Emerson Associates.
In February 2016, Doscher, individually and derivatively on behalf of Emerson Partners and Emerson Associates, commenced this action against the Emerson defendants and their attorney, Michael Burrows, individually and as a partner of the defendant law firm Greenberg Traurig, LLP (hereinafter Greenberg Traurig, together with Burrows, the Greenberg Traurig defendants), based on a statement made by Burrows during the course of the accounting action. Doscher sought, inter alia, to recover damages for defamation. He also sought damages for violations of Judiciary Law § 487, which provides for the award of treble damages against an attorney who, inter alia, is guilty of committing deceit or collusion with the intent to deceive the court or any party, and rules 3.3(a)(1) and 8.4(c) and (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), which relate to attorney misconduct involving dishonesty and deceit and attorney misconduct that is prejudicial to the administration of justice. Doscher was represented in this action and in the accounting action by nonparty Michael J. Devereaux until July 2016, when Devereaux was relieved as counsel.
The Emerson defendants moved, and the Greenberg Traurig defendants separately moved, inter alia, to dismiss the complaint in this action and pursuant to CPLR 8303-a to impose sanctions against Devereaux for commencing a frivolous action. Devereaux opposed the motions, and cross-moved, inter alia, for recusal of the Justice presiding. The Supreme Court, inter alia, in effect, granted those branches of the Emerson defendants' motion and the Greenberg Traurig defendants' separate motion which were to dismiss the complaint and to impose sanctions against Devereaux. The court concluded that, pursuant to CPLR 8303-a, each of the defendants was entitled to a separate award of costs and attorney's fees from Deveraux in the sum of $10,000. The court entered an order and judgment upon the orders, inter alia, in favor of the defendants and against Devereaux in the principal sum of $50,000. Devereaux appeals.
We agree with the Supreme Court's determination granting those branches of the respective motions of the Emerson defendants and the Greenberg Traurig defendants which were pursuant to CPLR 8303-a to impose sanctions against Devereaux. The Emerson defendants and the Greenberg Traurig defendants established that this action was without any reasonable basis in law or fact and that the primary purpose in commencing this action was to harass them (see Baxter v Javier, 109 AD3d 493, 495; Zysk v Kaufman, Borgeest & Ryan, LLP, 53 AD3d 482, 483; Nyitray v New York Athletic Club in City of N.Y., 274 AD2d 326, 327; Matter of Entertainment Partners Group v Davis, 198 AD2d 63, 64). Contrary to Devereaux's contention, the allegedly defamatory statement made by Burrows was not actionable because it was absolutely privileged as a matter of law (see Brady v Gaudelli, 137 AD3d 951, 952; El Jamal v Weil, 116 AD3d 732, 734; Bisogno v Borsa, 101 AD3d 780, 781; Kilkenny v Law Off. of Cushner & Garvey, LLP, 76 AD3d 512, 513), and does not support a finding of a violation of Judiciary Law § 487 (see Seldon v Lewis Brisbois Bisgaard & Smith LLP, 116 AD3d 490, 491; Ticketmaster Corp. v Lidsky, 245 AD2d 142, 143). In [*2]addition, a violation of the Rules of Professional Conduct, in itself, does not give rise to a private cause of action against an attorney or law firm (see Cohen v Kachroo, 115 AD3d 512, 513; DeStaso v Condon Resnick, LLP, 90 AD3d 809, 814; Kallman v Krupnick, 67 AD3d 1093, 1096; Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon, 172 AD2d 254, 254). Furthermore, with respect to the Emerson defendants, it is undisputed that they were not present when the allegedly defamatory statement was made and, significantly, the complaint is bereft of any allegations setting forth a basis to hold them liable for Burrows's statement (see Bostich v United States Trust Corp., 233 AD2d 193, 194).
In opposition to the motions, Devereaux did not even attempt to defend the merits of this action, and, instead, submitted a 48-page affirmation repeating the same arguments that he raised, on behalf of Doscher, in the accounting action related to, among other things, the Supreme Court's alleged bias and the receiver's alleged improper conduct (see Corsini v Morgan, 123 AD3d 525, 527; Sicignano v Town of Islip, 41 AD3d 830, 831). Contrary to Devereaux's contention, he was afforded a reasonable opportunity to be heard concerning whether his conduct in commencing this action constituted frivolous conduct under CPLR 8303-a (see Matter of Ruth S. [Sharon S.], 125 AD3d 978, 980; Selletti v Liotti, 104 AD3d 835, 836; cf. Grant v Frank, 150 AD3d 706, 707).
Each of the Emerson defendants and the Greenberg Traurig defendants, as the "successful parties," were entitled to a separate award under CPLR 8303-a of up to $10,000 (Baxter v Javier, 140 AD3d 683, 684-685). However, under CPLR 8303-a, they each were entitled to an award of attorney's fees and costs, capped at $10,000, and were not entitled to financial sanctions (see id.; Neroni v Follender, 137 AD3d 1336, 1339). Since there was no evidence in the record concerning the attorney's fees and costs incurred by the Emerson defendants and the Greenberg Traurig defendants in defending this action, the matter is remitted to the Supreme Court, Suffolk County, to determine an appropriate award of costs and attorney's fees against Devereaux.
Devereaux's remaining contention, concerning the failure of the Emerson defendants and the Greenberg Traurig defendants to include copies of the complaint with their motion papers, is without merit (see CPLR 2214[c]).
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court