Pilatich v Town of New Baltimore (2020 NY Slip Op 06427)





Pilatich v Town of New Baltimore


2020 NY Slip Op 06427


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

529950

[*1]Stephen A. Pilatich, Appellant,
v
Town of New Baltimore et al., Defendants, and William M. Hamilton et al., Respondents.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Sandra Poland Demars, Albany, for appellant.
Paul B. Sherr, Nassau, for respondents.



Mulvey, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered August 20, 2019 in Greene County, which granted a motion by defendants William M. Hamilton and Donna R. Hamilton for counsel fees and costs.
Plaintiff commenced this action against, among others, defendants William M. Hamilton and Donna R. Hamilton (hereinafter collectively referred to as defendants), alleging that they created a private nuisance on their property that impaired plaintiff's ability to use his own property, which is located across the road. After this Court twice reversed orders granting motions for summary judgment against plaintiff (133 AD3d 1143 [2015]; 100 AD3d 1248 [2012]), the matter proceeded to a bench trial. Relying heavily on credibility determinations, including a finding that plaintiff's testimony was not credible in several key regards, Supreme Court, among other things, dismissed plaintiff's claim against defendants and directed him to reimburse them $57,990.85 for costs and counsel fees that they incurred as a result of his frivolous conduct in this action. On plaintiff's third appeal, this Court affirmed the dismissal of the claim on the merits but remitted for plaintiff to be given a reasonable opportunity to be heard regarding the counsel fee award (170 AD3d 1463 [2019]).
After reviewing the parties' submissions upon remittal, Supreme Court explained that plaintiff's conduct in commencing and maintaining this action was frivolous because it was based on claims that he knew or should have known were false, and plaintiff dragged the litigation on to harass defendants. The court also opined that plaintiff was successful on his first two appeals only because he created questions of fact through what the court had determined — after trial — were false statements. To make defendants whole, the court invoked both CPLR 8303-a and 22 NYCRR part 130 and awarded defendants $67,990.85, which included their costs and counsel fees for the entire nine-year span of this litigation, including the three prior appeals. This fourth appeal by plaintiff ensued.
We must modify the counsel fee award. Supreme Court awarded defendants a total of $67,990.85 pursuant to CPLR 8303-a "and/or" 22 NYCRR 130-1.1, noting that the court's "intent is to permit [defendants] two vehicles to collect [counsel] fees, but not for a double recovery." Despite the parties' failure to clearly address the interplay of the statute and the regulations, we must review both to ensure that the award is consistent with the law. Pursuant to CPLR 8303-a, "in an action to recover damages for personal injury, injury to property or wrongful death," if the court finds that the action or a claim, counterclaim, defense or cross claim was frivolous when commenced or continued by the unsuccessful party, "the court shall award to the successful party costs and reasonable [counsel] fees not exceeding [$10,000]" (CPLR 8303-a [a]). An action or claim is deemed frivolous for this purpose where it "was commenced, used or continued in bad faith, solely to delay or prolong the resolution of the litigation or to harass or maliciously injure another," or it "was commenced or continued in bad faith without any reasonable basis in law or fact" (CPLR 8303-a [c] [i]-[ii]).
The regulations in 22 NYCRR part 130 are broader, and provide that a "court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable [counsel] fees, resulting from frivolous conduct," without any monetary limit on the award (22 NYCRR 130-1.1 [a]). For purposes of these regulations, conduct is "frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]). However, the regulations contain an exception, stating that "[t]his rule shall not apply to requests for costs or [counsel] fees subject to the provisions of CPLR 8303-a" (22 NYCRR 130-1.5).
The exception was apparently crafted "to avoid overlap with CPLR 8303-a in tort cases" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 8303-a, 2019 Pocket Part at 142). Although "[a] request for sanctions pursuant to CPLR 8303-a is limited, by definition, to frivolous claims or defenses," the regulations can be applied "to other forms of frivolous conduct in tort actions," namely, conduct "that is not related directly to the merits of a claim or defense, such as a frivolous procedural motion" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 8303-a, 2019 Pocket Part at 142; see Matter of Entertainment Partners Group v Davis, 155 Misc 2d 894, 899 [Sup Ct, New York County 1992], affd 198 AD2d 63 [1993]). Here, however, insofar as Supreme Court determined that plaintiff's assertions of false factual statements formed the crux of his claim against defendants, the claim itself was frivolous. As the court's stated grounds for plaintiff's frivolous conduct bring the matter within CPLR 8303-a, thereby invoking the exception provided under 22 NYCRR 130-1.5, the court erred in basing any award on 22 NYCRR part 130 and was limited to providing costs and counsel fees pursuant to the statute. "[B]y the express terms of CPLR 8303—a (a), an award [to a successful party] of costs and reasonable [counsel] fees for frivolous litigation may not exceed [$10,000]" (Zysk v Kaufman, Borgeest & Ryan, LLP, 53 AD3d 482, 483 [2008]).
As to the appropriateness of an award of counsel fees — regardless of the amount — such an application is addressed to the trial court's discretion and a resulting award will not be disturbed absent an abuse of discretion (see Matter of Czajka v Dellehunt, 125 AD3d 1177, 1184 [2015]; Navin v Mosquera, 30 AD3d 883, 883-884 [2006]). Moreover, whereas an award pursuant to the regulations is permissive (see 22 NYCRR 130-1.1 [a] [stating that a "court, in its discretion, may" make such an award if frivolous conduct is found]), an award of costs and counsel fees is mandatory pursuant to the statute if the court finds that a claim was frivolous (see CPLR 8303-a [a] [stating that "the court shall" make such an award under those circumstances]). Supreme Court found that plaintiff either knew or should have known that his arguments lacked merit in both fact and law, that plaintiff's sole design was to harass and maliciously cause injury, that plaintiff asserted material factual statements that were false and that plaintiff's conduct continued when the lack of merit was apparent, insofar as plaintiff obtained expert reports in 2010 and 2014 that weighed against his claims. Indeed, the testimony of plaintiff's expert, David Myers, demonstrates that plaintiff was informed by his own expert prior to the 2010 commencement of the action that some of the material allegations of plaintiff's claim against defendants were false. Hence, we find no abuse of discretion in the court's determination that plaintiff's claim against defendants was frivolous and warranted an award of costs and counsel fees (see Neroni v Follender, 137 AD3d 1336, 1339 [2016], appeal dismissed 27 NY3d 1147 [2016]; Citibank [S.D.] v Jones, 272 AD2d 815, 817-818 [2000], lv denied 95 NY2d 764 [2000]).
Although plaintiff argues on appeal that defendants' motion papers failed to establish that the requested counsel fees were reasonable, we will not address this argument as plaintiff did not raise it in Supreme Court. Similarly unpreserved is plaintiff's contention that Supreme Court improperly included certain costs in the total award. In any event, defendants' costs and counsel fees over the life of this litigation have greatly exceeded the maximum allowed under CPLR 8303-a.
The question becomes whether defendants are each entitled to a $10,000 award, for a total of $20,000 due from plaintiff, or whether they are, together, entitled to a single $10,000 award. In a similar case, the Second Department stated that "Supreme Court was not limited to making only one $10,000 award under CPLR 8303-a. The statute specifically permits an award of up to $10,000 to 'the successful party' against whom a frivolous claim is asserted. Here, the plaintiff interposed frivolous claims . . . against each of the two defendants, and consequently, there are two 'successful parties' within the meaning of CPLR 8303-a. Thus, each defendant is entitled to a separate award under CPLR 8303-a of up to $10,000" (Baxter v Javier, 140 AD3d 683, 685 [2016]; see Doscher v Meyer, 177 AD3d 697, 700 [2d Dept 2019]; see also Marcus v Bressler, 277 AD2d 108, 109 [1st Dept 2000]; Matter of Entertainment Partners Group v Davis, 198 AD2d 63, 64 [1st Dept 1993]). Based on that reasoning, we reduce Supreme Court's counsel fee award to a total of $20,000, representing $10,000 for each successful defendant.
We decline defendants' invitation to impose sanctions against plaintiff for taking this fourth appeal, as we do not find the appeal frivolous (compare Yenom Corp. v 155 Wooster St., Inc., 33 AD3d 67, 70 [2006]).
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reducing the award of costs and counsel fees payable to defendant William M. Hamilton to $10,000 and to defendant Donna R. Hamilton to $10,000, and, as so modified, affirmed.