Karageorgis v Papachristos (2025 NY Slip Op 50107(U))

[*1]

Karageorgis v Papachristos

2025 NY Slip Op 50107(U)

Decided on January 17, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 17, 2025
Supreme Court, New York County

Yiannis Karageorgis, Plaintiff,

against
George Papachristos, Defendant.

Index No. 161711/2023

Winston & Strawn LLP, New York, NY (Jeffrey J. Amato of counsel), for plaintiff.
Reed Smith LLP, New York, NY (Colin A. Underwood and John P. Kennedy of counsel), for defendant.

Gerald Lebovits, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 14, 17, 18, 19, 20, 21, 22, 23, 24, 25 were read on this motion to DISMISS.
This action arises primarily from the alleged defamation of plaintiff by defendant through an article published in April 2022 in TA NEA (TA), a Greek newspaper. The article linked plaintiff to Konstantin Malofeyev, an indicted Russian oligarch, and Jack Hanick, a U.S. citizen and chairman of the executive board of Hellas Network who had been indicted in the United States for allegedly helping Malofeyev avoid U.S. sanctions on Russia. (NYSCEF No. 1 at ¶¶ 9-11.)
Defendant filed suit in the Athens Multi-Member Court of First Instance on October 5, 2023, seeking a declaration that the article did not defame the plaintiff. (NYSCEF No. 7 at ¶ 22.) On October 24 plaintiff filed a similar suit in the Greek court, seeking an apology and damages for defamation. Plaintiff also brought the current action in this court. (NYSCEF No. 7 at ¶¶ 23-24.)
Defendant moves to dismiss on several grounds, including lack of personal jurisdiction, forum non conveniens, statute of limitations, and failure to state a cause of action. Defendant also seeks attorney fees under New York's anti-SLAPP law. The motion to dismiss is granted for lack of personal jurisdiction; the court therefore dismisses the action without reaching the merits of defendant's request for attorney fees.
DISCUSSION
I. Defendant's Personal Jurisdiction Argument for Dismissal
In moving to dismiss on jurisdictional grounds, defendant argues that the requirements for long-arm personal jurisdiction under CPLR 302 (a) (2) and (a) (3) have not been met. He argues, in particular, that these paragraphs expressly exclude defamation claims, and that plaintiff cannot "circumvent this restriction by labeling his second cause of action tortious interference when it amounts to defamation in substance." (NYSCEF No. 9 at 6-7, citing Deer Consumer Prods., Inc v. Little Group, 2012 NY Slip Op 52157[U], at *3 [Sup Ct, NY County 2012].) Plaintiff, on the other hand, contends that this court has personal jurisdiction over a foreign defendant under CPLR 302(a) (2) and (3) when that defendant makes defamatory statements arising out of a "New York business transaction" that cause injury in New York. (GTP Leisure Prod., Inc. v B-W Footwear Co., 55 AD2d 1009, 1010 [1st Dept 1977].)
This court agrees with defendant. The mere act of publishing an article that New York residents can then read online does not constitute transacting business in New York for these purposes, "even when it is likely that the material will be read by New Yorkers." (Kingstown Capital Mgt. L.P. v CPI Prop. Group, S.A., 205 AD3d 467, 467 [1st Dept 2022].) Plaintiff asserts that defendant had also made "repeated and successful efforts to ensure his defamatory representations about [plaintiff] reached a New York audience," and that the representations were made in order to reach plaintiff's business partners. (NYSCEF No 17 at 3-4.) These assertions, though, are not supported either by allegations in the complaint or evidence submitted in the opposition to defendant's dismissal motion.
Plaintiff contends that, at a minimum, long-arm personal jurisdiction under CPLR 302 (a) (2) and (a) (3) exists over his tortious-interference claim, because that claim does not sound in defamation. This contention is unpersuasive. In considering whether the defamation exception to (a) (2) or (a) (3) longarm jurisdiction applies, courts must "look[] for the reality and the essence of the action and not its mere name." (Findlay v Duthuit, 86 AD2d 789, 790 [1st Dept 1982]; cf. Entertainment Partners Group v Davis, 198 AD2d 63, 64 [1st Dept 1993] [holding for limitations purposes that a claim styled as one for tortious interference is subject to the one-year defamation statute of limitations "if, in fact, the claim seeks redress for injury to reputation"].) Here, the basis of plaintiff's tortious-interference claim is that defendant intended to harm plaintiff's business interests by damaging his reputation through publication of an article making false and defamatory statements. (See NYSCEF No. 1 at 13-14.) Indeed, plaintiff concedes that the article was a "key part" of the alleged effort by defendant to harm plaintiff's business interests that underlies plaintiff's tortious-interference claim. The claim thus sounds in substance in defamation for purposes of CPLR 302 (a) (2) and (3) (and for purposes of the applicable statute of limitations).
In short, this action seeks defamation damages that plaintiff allegedly suffered due to publication of an article by a foreign defendant in a foreign language in a foreign newspaper with no ties to New York.[FN1]
This court does not have long-arm personal jurisdiction over [*2]defendant to adjudicate plaintiff's claims. (See Yanni v Variety, Inc., 48 AD2d 803, 803 [1st Dept 1975] [dismissing claims based on California resident's placement in California of advertisement in California newspaper]; Hollander v Shepherd, 2016 NY Slip Op 30042[U], at *3 [Sup Ct, NY County 2016] [dismissing claims based on Australian reporter's publication of an article in an Australian newspaper based on research conducted from Australia].)
Given the court's conclusion that personal jurisdiction is absent, the court does not reach the other grounds for dismissal raised in defendant's motion.[FN2]
Nor does the court reach defendant's request for attorney fees under Civil Rights Law § 70-a. (See Umami Labs LLC v Erisman, 232 AD3d 520, 520 [1st Dept 2024] [holding that motion court "correctly declined to reach defendant's motion pursuant to CPLR 3211(g)" after having concluded that the court lacked personal jurisdiction].)
Accordingly, it is
ORDERED that the branch of defendant's motion seeking dismissal of the action for lack of personal jurisdiction is granted, and the action is dismissed, with costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further
ORDERED that the branches of defendant's motion seeking dismissal of the action under CPLR 3211 (a) on forum non conveniens grounds, as time-barred, and for failure to state a cause of action are denied as academic; and it is further
ORDERED that the branches of defendant's motion to dismiss under CPLR 3211 (g) and for attorney fees under Civil Rights Law § 70-a are denied as academic; and it is further
ORDERED that defendant serve a copy of this order with notice of its entry on plaintiff and on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/courts/ljd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.
Dated: January 17, 2025
Hon. Gerald Lebovits
J.S.C.

Footnotes

Footnote 1:Defendant additionally argues that as a due-process matter, he lacks the necessary minimum contacts with New York; and that it was "random" and "fortuitous" for these purposes that plaintiff lost a business opportunity in New York after publication of defendant's article, given that the article was written in Greek for a Greek audience. (NYSCEF No. 9 at 8, citing Opticare Acquisition Corp. v Castillo, 25 AD3d 238, 247 [2d Dep't 2005].) Given the court's conclusion that statutory long-arm jurisdiction is absent, the court does not reach defendant's further argument that exercising jurisdiction over him would be unconstitutional.

Footnote 2:Defendant argues that the dismissal of plaintiff's action should be with prejudice. Because the court is dismissing the action based upon defendant's jurisdictional challenge, the court is not persuaded that a with-prejudice dismissal would be appropriate.