Spanakos v Racanelli (2021 NY Slip Op 50127(U))

[*1]

Spanakos v Racanelli

2021 NY Slip Op 50127(U) [70 Misc 3d 140(A)]

Decided on February 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-971 Q C

Dr. M. W. Spanakos, Appellant,
against
Giancarlo Racanelli, Respondent. 

Soffey & Soffey, LLC (Douglas M. Soffey of counsel), for appellant.
Petros Law Group, PC (Peter D. Hatzipetros of counsel), for respondent.

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New
York, Queens County (Richard G. Latin, J.), entered April 18, 2018. The judgment, after a
nonjury trial, awarded plaintiff the principal sum of $480.

ORDERED that the judgment is affirmed, without costs. 
Plaintiff, a chiropractor, brought this action to recover, among other things, the balance
allegedly due him for healthcare services rendered to defendant. At a nonjury trial, plaintiff
proffered evidence that he had submitted bills to defendant's health plan requesting payment,
which bills set forth a total charge of $1,756.81, which sum includes a co-payment of $480 due
from defendant. Defendant presented evidence that plaintiff had failed to provide information
necessary for the health plan to process plaintiff's claim, but implicitly conceded that defendant
was responsible for paying the $480 co-payment. After the trial, the Civil Court awarded plaintiff
the principal sum of $480. Plaintiff appeals on the ground of inadequacy.[FN1]

In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
[*2](see Northern Westchester Professional Park Assoc. v
Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116, 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824,
826 [2008]).

It is well settled that a healthcare provider is entitled to recover for professional services
rendered by him or her under an implied agreement by the patient to pay the reasonable value of
the services (see Taranto v Abohwo,
45 Misc 3d 130[A], 2014 NY Slip Op 51578[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2014]; Brookhaven Mem.
Hosp. Med. Ctr. v Lukashevskiy, 43 Misc 3d 128[A], 2011 NY Slip Op 52557[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2011]; Brottman v Crane, 11 Misc 3d 129[A], 2006 NY Slip Op 50299[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2006]). The performance and acceptance of such
services give rise to the inference of an implied contract to pay for the reasonable value of the
services (see Moors v Hall, 143 AD2d 336, 338 [1988]; Brookhaven Mem. Hosp. Med. Ctr. v
Lukashevskiy, 43 Misc 3d 128[A], 2011 NY Slip Op 52557[U]; Long Is. Jewish Med. Ctr. v Budhu, 20
Misc 3d 131[A], 2008 NY Slip Op 51436[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2008]; Brottman v Crane, 11 Misc
3d 129[A], 2006 NY Slip Op 50299[U]). 

The terms of an agreement, if any, by plaintiff to seek recovery of his fees from defendant's
health plan is not part of the record. Assuming, without deciding, that plaintiff's right to recover
payment from defendant was not affected by plaintiff's failure, if any, to properly pursue payment
from defendant's health plan, plaintiff, in any event, did not establish the reasonable value of the
services he rendered, which proof is part of plaintiff's prima facie case (see Castro v East End
Plastic, Reconstructive & Hand Surgery, P.C., 47 AD3d 608, 610 [2008]). The sole
proof submitted by plaintiff as to the reasonableness of the charges appearing on his bills was the
bills themselves (see id.). Consequently, plaintiff failed to establish that the award in his
favor was inadequate. 

Accordingly, the judgment is affirmed.

ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: February 19, 2021

Footnotes

Footnote 1: To the extent that plaintiff also
claimed that he was entitled to recover attorney's fees and other costs incurred in this action as
well as lost wages and earnings, plaintiff failed to provide any evidence to support his claim, and,
in any event, has abandoned this claim in his appellate brief (see Staten Is. Univ. Hosp. v Quintero, 63 Misc 3d 58, 60 n [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).