Smile Huntington Dental, P.C. v LaPlace (2024 NY Slip Op 51553(U))

[*1]

Smile Huntington Dental, P.C. v LaPlace

2024 NY Slip Op 51553(U)

Decided on November 7, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-1347 S C

Smile Huntington Dental, P.C., Respondent, 
against
Deborah LaPlace, Appellant. 

Joseph W. Ryan, Jr., P.C. (Joseph W. Ryan, Jr. of counsel), for appellant.
Richard Sokoloff, for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Stephen L. Ukeiley, J.), entered November 9, 2023. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $425.

ORDERED that the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $29; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $455 based on a breach of contract and an account stated, alleging that defendant failed to pay her bill for dental services rendered on September 18, 2021.
At a nonjury trial, plaintiff's office manager, Cindy Rodriguez, who has access to the office's books and records kept in the ordinary course of business, testified that defendant filled out an account responsibility agreement which showed that defendant had dental insurance and that defendant agreed to pay for the services received from plaintiff even if her insurance did not cover the charges. Rodriguez also testified about a list of patient transactions and a statement of defendant's balance, which showed the services rendered to defendant on September 18, 2021, the total amount charged therefor ($495), and the amount defendant's insurer paid ($70), leaving a balance due of $425. Rodriguez further testified that, for the last five or six years, plaintiff's office has had a $99 promotion on its website, containing a footnote that the promotion is only good for new patients without insurance. A photocopy of a photograph of an advertised promotion with a footnote limiting the promotion to those without insurance was admitted into evidence.
Defendant testified that, when she received the $495 bill, she called plaintiff's office to dispute it because, as a new patient, she was entitled to the advertised website promotion of $99 for the services rendered. Defendant was told that the promotion excluded patients with insurance. Defendant admitted that she did not bring in or mention the $99 promotion at the time the services were rendered. Defendant submitted photocopies of photographs of an advertised promotion from plaintiff's website, taken a year or two after September 18, 2021. The photocopies showed a new patient promotion of $99 for an exam, x-rays, cleaning and fluoride, with no footnote limiting it to those without insurance.
Following the nonjury trial, the District Court dismissed the account stated cause of action and, finding Rodriguez's testimony to be credible, ruled that the advertised promotion in effect on September 18, 2021 was only applicable to new patients without insurance, that plaintiff established its breach of contract cause of action and that plaintiff was entitled to recover $495 less the $70 plaintiff received from defendant's insurer. A judgment was entered in favor of plaintiff in the principal sum of $425.
The decision of a fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
It is well settled that a healthcare provider is entitled to recover for professional services rendered by him or her under an implied agreement by the patient to pay the reasonable value of the services (see Taranto v Abohwo, 45 Misc 3d 130[A], 2014 NY Slip Op 51578[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Brookhaven Mem. Hosp. Med. Ctr. v Lukashevskiy, 43 Misc 3d 128[A], 2011 NY Slip Op 52557[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Here, there is no basis to disturb the District Court's finding that the promotional advertisement in effect at the time of defendant's appointment contained a footnote excluding patients with insurance. Moreover, the performance and acceptance of the dental services give rise to the inference of an implied contract to pay for the reasonable value of the services (see Taranto v Abohwo, 2014 NY Slip Op 51578[U]). However, we find that plaintiff failed to establish that the $495 that was billed to defendant constituted a reasonable amount for the services rendered (see Spanakos v Racanelli, 70 Misc 3d 140[A], 2021 NY Slip Op 50127[U] [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2021]). The sole proof submitted by plaintiff as to the reasonableness of the charges appearing on defendant's bill was the bill itself (see id.). As defendant concedes that she owed a total of $99 for the services rendered, the award is reduced to the principal sum of $29, representing $99 minus the $70 insurance payment made to plaintiff.
Accordingly, the judgment is modified by reducing the award in favor of plaintiff in the principal sum of $29.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 7, 2024